H331galc

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        16 Cr. 371 (RA)

5    GARY HIRST, JOHN GALANIS, HUGH
     DUNKERLEY, MICHELLE MORTON,
6    DEVON ARCHER, BEVAN COONEY,

7              Defendants.              Conference

8    ------------------------------x

9                                       New York, N.Y.
                                        March 3, 2017
10                                      12:15 p.m.

11
     Before:
12
                          HON. RONNIE ABRAMS,
13
                                        District Judge
14

15                        APPEARANCES

16   PREET BHARARA
          United States Attorney for the
17        Southern District of New York
     BY:  BRIAN R. BLAIS, ESQ.
18        Assistant United States Attorney

19   SHER TREMONTE LLP
          Attorneys for Defendant Gary Hirst
20   BY:  MICHAEL TREMONTE, ESQ.

21   PELUSO & TOUGER
          Attorneys for Defendant John Galanis
22   BY:  DAVID TOUGER, ESQ.

23   JOSEPH A. GROB, P.C.
          Attorneys for Defendant Hugh Dunkerley
24   BY:  JOSEPH A. GROB, ESQ.

25

H331galc

1                                    APPEARANCES
                                     (Continued)
2

3    MORVILLO LLP
          Attorneys for Defendant Michelle Morton
     BY:  GREGORY R. MORVILLO, ESQ.
4         EUGENE E. INGOGLIA, ESQ.

5    BOIES, SCHILLER & FLEXNER LLP
          Attorneys for Defendant Devon Archer
6    BY:  MATTHEW L. SCHWARTZ, ESQ.
          DANIEL R. SCHWARTZ, ESQ.
7
     PAULA J. NOTARI, ESQ.
8         Attorney for Defendant Bevan Cooney

9    O'NEILL AND HASSEN
          Attorneys for Defendant Bevan Cooney
10   BY:  ABRAHAM J. ABEGAZ-HASSEN, ESQ.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

H331galc

1              (Case called)

2              THE DEPUTY CLERK:  Counsel, please state your name for

3    the record.

4              MR. BLAIS:  Good afternoon, your Honor.  Brian Blais

5    for the government.

6              THE COURT:  All right.  Good afternoon.

7              MS. NOTARI:  Good afternoon, your Honor.  Paula Notari

8    on behalf of Bevan Cooney, whose presence is waived.

9              THE COURT:  Good morning.

10             MR. ABEGAZ-HASSEN:  Abraham Hassen, also for Bevan

11   Cooney.

12             THE COURT:  Good morning.

13             MR. MORVILLO:  Good afternoon, your Honor.  Gregory

14   Morvillo and Eugene Ingoglia on behalf of Michelle Morton, who

15   is present.

16             THE COURT:  All right.  Good morning to all of you.

17             MR. TOUGER:  David Touger, T-O-U-G-E-R, for John

18   Galanis.  I apologize to the Court for being late and to

19   everybody here for making you wait.

20             MR. MATTHEW SCHWARTZ:  Good afternoon.  Matthew

21   Schwartz and Daniel Schwartz, for Devon Archer, who is in court

22   this afternoon.

23             THE COURT:  Good afternoon.

24             MR. TREMONTE:  Good afternoon, your Honor.  Michael

25   Tremonte for Gary Hirst, whose presence is waived.

H331galc

1          MR. GROB:  Good afternoon, your Honor.  Joseph Grob

2     for Hugh Dunkerley, whose appearance is also waived.

3          THE COURT:  Good morning to all of you.

4          Why don't I hear from the government as to the status.

5     Is there any additional discovery at this point that you

6     anticipate producing?

7          MR. BLAIS:  At this point, no, your Honor.  We've made

8     a few additional small productions in the last several weeks.

9     There's nothing substantial outstanding.  It's possible that we

10    may get additional subpoena productions from third parties, and

11    we'll obviously produce those as we receive things, but nothing

12    substantial that I recall being outstanding.

13         THE COURT:  As I indicated at the last conference, I'd

14    like to set a trial date today.  I'll hear from defense counsel

15    as to how long you think you need, and then we can coordinate

16    schedules.

17         MR. MORVILLO:  Good afternoon.  Gregory Morvillo.  We

18    may be the last people into the case.  We've been in for about

19    three weeks, and we are starting to go through the discovery.

20    And I think the technical term for the discovery is, there is a

21    boatload of it, and so we are making our way through it.  And

22    we have conferred with others.  We were thinking of a February

23    trial date, in 2018.

24         THE COURT:  Does the government have a position on the

25    trial date?

H331galc

1          MR. BLAIS:  I mean, in our view this case has been

2     pending since May of last year.  It was charged by complaint in

3     May.  It was indicted I think at the very end of May.  February

4     seems pretty far out at this point.  I think we would prefer a

5     date sooner than February, if that's possible.

6          THE COURT:  All right.  Let me just ask you, first of

7     all, how long do you think the trial will last?  I know it's

8     dependent in part on how many individuals go to trial, but

9     right now, what's your best guess?

10          MR. BLAIS:  My best guess would be three weeks.

11          THE COURT:  Is there any way you think you all can do

12     it in the late fall, is that a possibility, or winter, prior to

13     February?

14          MR. TOUGER:  Your Honor, I have a trial in September

15     that's going to last four to six weeks, so it would be hard to

16     prepare this case and that case, and that's a pretty

17     high-volume case also.  So a February date would be fine with

18     me.

19          THE COURT:  Mr. Morvillo, any additional thoughts,

20     given that we are just at the beginning of March?

21          MR. MORVILLO:  Well, the problem is the amount of the

22     discovery and a motion schedule.  We had considered a motion,

23     making motions at the end of September, and even backing into a

24     trial at that point, with opposition, reply, and argument, I

25     think the best we could do would be early December, but if

H331galc

| | |
|---|---|
| 1 | we're in early December, with a three-week trial, we're never |
| 2 | going to get a jury before Christmas.  Everyone will be |
| 3 | terrified that they'll miss Christmas.  And so realistically, |
| 4 | the best we could do is mid January.  At that point, from my |
| 5 | perspective, mid January, early February is not much of a |
| 6 | difference, so I think we would prefer February, but, you know, |
| 7 | if your Honor pushed us, we would move. |
| 8 | THE COURT:  All right.  Why don't we do this.  Why |
| 9 | don't we schedule it for February 5th.  Is everyone available |
| 10 | then?  We will schedule it for February 5th.  It will be a |
| 11 | firm trial date.  And I'll reserve the month.  Okay? |
| 12 | MR. MORVILLO:  Thank you, your Honor. |
| 13 | THE COURT:  So now why don't we talk about a motion |
| 14 | schedule.  You had proposed September, is that right? |
| 15 | MR. MORVILLO:  Yes, Judge. |
| 16 | THE COURT:  Do you have a particular date in mind? |
| 17 | Can you do it early-mid September? |
| 18 | Yes, Ms. Notari? |
| 19 | MS. NOTARI:  Could we possibly do early October? |
| 20 | Mr. Hassen will be on his honeymoon in September, and |
| 21 | realistically, September is always the month where most of the |
| 22 | lawyers -- it's the only time where you can ever really go on |
| 23 | vacation where the courthouse kind of slows down, and we come |
| 24 | back in September and it's a madhouse, and so if we could do |
| 25 | early October. |

H331galc

```
 1              THE COURT:  So why don't we have motions due
 2    October 2nd.  And how long does the government need to
 3    respond?
 4              MR. BLAIS:  Three weeks, your Honor.
 5              THE COURT:  That's fine.  So why don't we say
 6    October 23rd for an opposition.  And we'll say October 30th
 7    for any reply.
 8              Do any of you anticipate making a motion for which a
 9    hearing will be necessary, or is it too early to tell?
10    Mr. Schwartz?
11              MR. MATTHEW SCHWARTZ:  Yes, your Honor.
12              THE COURT:  All right.  So why don't we schedule a
13    hearing date in November.
14              Does November 20th work?  Yes?  Okay.  So why don't
15    we schedule November 20th for a hearing date at 10 a.m.
16              Is the government seeking to exclude time under the
17    Speedy Trial Act?
18              MR. BLAIS:  Yes.  We would move to exclude time
19    through the scheduled date of the trial, February 5, 2018.
20              THE COURT:  All right.  So is there any objection with
21    respect to the speedy trial?
22              DEFENSE COUNSEL:  No, your Honor.
23              THE COURT:  All right.  So I'll exclude time from
24    today until February 5, 2018, pursuant to 18 United States Code
25    Section 3161(h)(7)(A).  I find that the ends of justice served
```

H331galc

1    by excluding such time outweigh the interests of the public and

2    the defendants in a speedy trial because it will allow time for

3    defense counsel and defendants to prepare for trial, for the

4    parties to discuss any possible disposition of this case, and

5    for the defendants to prepare any motions.

6              What I also would like to put on the books is a final

7    pretrial conference the week prior to the trial.  So why don't

8    we do that now.

9              Why don't we say January 31st at 2 p.m.  And I'll

10   set a schedule for pretrial submissions when we meet in

11   November, but just in case it's helpful for your schedules, I

12   anticipate that I'll ask that all of the pretrial submissions,

13   including requests to charge, proposed voir dire, and any *in*

14   *limine* motions, be submitted two weeks prior to the conference,

15   so on January 17th, and any opposition on January 24th.

16   All right?  So why don't you in fact put that in your schedule

17   as a date for pretrial submissions.  If we need to change that

18   closer to the date, we'll do that, but that's what I'd like to

19   set.

20             Are there any additional issues anyone would like to

21   raise today?

22             All right.  Hearing nothing, we are adjourned.  Thank

23   you.  Have a nice weekend, all.

24             ALL COUNSEL:  Thank you, your Honor.

25             (Adjourned)