# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 12, 2017

Neil Checkman, Esq.
115 Broadway
Suite 1704
New York, NY 10006

Re: *United States v. Michelle Morton* - 16 Cr. 371 (RA)

Dear Mr. Checkman:

We are in receipt of your letter dated January 19, 2017, requesting that the Government examine the files of the Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA") for materials subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Under *Brady*, the Government is required to disclose exculpatory material possessed by members of the "prosecution team." *See, e.g., United States v. Meregildo*, 920 F. Supp. 2d 434, 440-41 (S.D.N.Y. 2013) ("In the Second Circuit, a prosecutor's constructive knowledge only extends to those individuals who are 'an arm of the prosecutor' or part of the 'prosecution team.'"). "[W]hether an individual or agency is part of the prosecution team depends on the facts and circumstances of the case." *United States v. Morgan*, 302 F.R.D. 300, 304 (S.D.N.Y. 2014).

In this matter, the Government is not obligated to search the files of the SEC or FINRA for potential *Brady* material because neither the SEC nor FINRA were part of the prosecution team in this matter. Both the SEC and FINRA are independent regulatory organizations not under the control of the Government. Although the Government is aware that the SEC conducted an investigation parallel to the one that resulted in the Indictment in this matter and that the SEC filed a civil action alleging some of the same conduct alleged in the Indictment, the SEC's investigative steps were coordinated by staff at the SEC, and the ultimate charging decisions were made by the SEC commissioners at the request of the SEC's staff.[1] Because the Government's investigation of the matters that resulted in the Indictment was not a joint investigation with the SEC, the SEC staff conducting the SEC's parallel investigation were not members of the Government's prosecution team. For this reason, the Government does not intend to search the files of the SEC or FINRA for potential *Brady* material.

In any event, based on the Government's conversations with the responsible SEC attorneys, the Government understands that Ms. Morton's communications with the SEC appear to have been

---

[1] The Government is not presently aware of *any* investigation conducted by FINRA relating to the matters set forth in the Indictment.

Page 2

part of an effort to respond to a lawfully-issued subpoena to Atlantic Asset Management, and not as part of any effort by Ms. Morton to cooperate with the SEC or to act as a whistleblower. Given the posture of the communications between Ms. Morton and the SEC, the Government does not, in any event, expect that the SEC's files would contain any exculpatory material.

          Very truly yours,

          PREET BHARARA
          United States Attorney

by:   /s/ Brian R. Blais
      Brian R. Blais/Aimee Hector/
      Rebecca Mermelstein
      Assistant United States Attorneys
      (212) 637-2521/2203/2360