# EXHIBIT 11

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/03/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JASON GALANIS, et al.,

Defendants.

---

No. 16-CR-371 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On or about December 28, 2016, the Government sought, and Magistrate Judge Moses issued, a search warrant for electronic data pertaining to several email accounts, including accounts associated with Defendants Devon Archer and Bevan Cooney. *See* Dkt. 128 at 1; Dkt. 130 at 1. The warrant was served on at least two service providers: Google and Apptix. *See* Dkt. 130 at 1. Before making a production pursuant to the warrant, Google notified Archer and Cooney and provided them with redacted copies of the warrant. *See* Dkt. 126 at 1; Dkt. 128 at 1. After receiving notice from Google, Archer and Cooney filed motions (the "Initial Motions to Stay") asking the Court to (1) compel the Government to provide them with unredacted copies of the warrant and supporting application and (2) stay the execution of the warrant while Archer and Cooney decided whether to file motions to quash. *See* Dkt. 126 at 1; Dkt. 128 at 1. On January 30, 2017, the Government agreed to provide the warrant and application to all defense counsel in the case, and disclosed that Apptix had already made a production pursuant to the warrant of materials from an email account associated with Archer. *See* Dkt. 130 at 1–2.

The Court held a conference on January 31, 2017 to discuss the Initial Motions to Stay. During the conference, Archer modified his Initial Motion to Stay to request that the Court also enjoin the Government from reviewing the contents of the Apptix production pending a potential

motion to quash. The Court denied the Initial Motions to Stay on the record, but ordered any production by Google and review by the Government of the Apptix production to be held in abeyance to allow for the instant motions. The Court assumes familiarity with the Court's ruling.

On February 1, 2017, Archer and Cooney filed motions to stay the Court's January 31 ruling pending appeal (the "Motions to Stay Pending Appeal"), Dkts. 132–33, which the Court now denies. In determining whether to grant such a stay, a court must weigh "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). Having weighed these factors, the Court concludes that a stay is not warranted.

For the reasons stated in the Government's opposition to the Motions to Stay Pending Appeal, Archer and Cooney have not demonstrated a likelihood of success on the merits. *See* Dkt. 134 at 2–6. As the Court's January 31 ruling made clear, this Court will not mandate that the Government cease its investigation and trial preparation with respect to the materials from Google and Apptix while Archer and Cooney decide whether to challenge the search warrant. Moreover, appellate jurisdiction is, at best, uncertain.

The Court also finds that any injury that Archer and Cooney may suffer in the absence of a stay is speculative, and not irreparable. The alleged injury to Archer and Cooney is the Government's potential misuse of privileged or other non-responsive materials, which is not actual and imminent, especially where, as here, the Government has committed to adhere to procedures designed to avoid such harm. *See id.* at 6–7. Should Archer and Cooney determine at a later date that the Government has encountered privileged or other non-responsive materials, they can seek to suppress those materials, request a taint hearing, or even ask the Court to disqualify members of the Government team who encountered the materials.

2

The harm to the opposing party and public interest factors also weigh against a stay. The Sixth Amendment and the Speedy Trial Act recognize the interest of the public and criminal defendants in the prompt resolution of criminal cases. *See* U.S. Const. amend. VI; 18 U.S.C. § 3161 *et seq.* Halting the Government's review of the materials sought by the warrant would delay the Government's investigation, and, quite possibly, this entire case. The Court is also wary of setting a precedent that could unduly hinder the timely prosecution of future cases.

The Initial Motions to Stay are denied for the reasons previously stated on the record, and the Motions to Stay Pending Appeal are denied for the reasons set forth in this order. The Court will, however, allow Archer and Cooney seventy-two hours to seek a stay pending appeal from the Second Circuit. *See, e.g., Diorinou v. Mezitis*, 237 F.3d 133, 138 (2d Cir. 2001). The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 132 and 133.

SO ORDERED.

Dated: February 3, 2017
New York, New York

Ronnie Abrams
United States District Judge

3