# EXHIBIT 29



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 4, 2018

**BY ELECTRONIC MAIL**

Matthew Lane Schwartz
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022

    Re: *United States v. Devon Archer*, 16 Cr. 371 (RA)

Dear Matt:

    The Government writes in response to your (i) request that the Government identify which documents being made available to you by the SEC have not been produced by the Government; and (ii) letter of December 29, 2017, renewing old discovery demands and making numerous additional discovery demands.

    With respect to your first request, although we do not believe we are under any obligation to provide such information,  we have noted below which of the materials being made available to you by the SEC have already been produced to you by the Government:

- Approximately 40 boxes of documents stored by AAM in its Alexandria, Virginia and Stamford, Connecticut Offices

  - *These are not in the possession of the Government and have not been provided to you by the Government*

- Servers, back up tapes collected from AAM by the Receiver from AAM offices in Alexandria and Stamford

  - *These are not in the possession of the Government and have not been provided to you by the Government*

- Assorted materials collected by the Receiver from AAM Alexandria and Stamford offices. Includes selected documents obtained by the Receiver; additional hard drives from Alexandria and Kansas City (old); back up external harddrive of the Stamford server; Daniel Turney's back up external harddrive from Alexandria' keys, id cards and employee phones (excluding Morton's); Hughes 2013 tax return; Service providers contracts; quick books data

- o *These are not in the possession of the Government and have not been provided to you by the Government*

- Emails from Intel (the Internet Service Provider for AAM Stamford)

  - o *The Government has provided emails from Intel for the email accounts belonging to Michelle Morton, Dina Clement and Carolyn Lisa. The remaining emails from Intel are not in the possession of the Government and have not been provided to you by the Government*

- 55 Desktop harddrives; 7 laptops and 10 other devices

  - o *These are not in the possession of the Government and have not been provided to you by the Government*

Turning next to the issues you raise concerning the way in which discovery has been produced, including, for example, the production of a single PDF of documents produced by Fulton Meyer, we note that we have produced documents to you in the manner in which we have received them. As such, where documents are produced to us in pdf, or without metadata, we have produced them to you in that form.

With respect to your complaint that the documents obtained by the Government from the SEC lack custodian metadata, we believe that the producing party is apparent from the Bates numbering of each document. We are happy to provide you with a list of custodians contained in that production or to have your vendor speak to our personnel in order to confirm whether there is any problem on your end.

With respect to your renewed discovery requests – for the reasons we have previously explained – we do not believe you are entitled to the materials you demand, and we do not intend to produce them. We note that, with respect to your demand that the Government produce any wiretaps on which Mr. Archer was intercepted, the Government previously indicated that it was unaware of any calls involving Mr. Archer and invited you to provide any phone numbers affiliated with Mr. Archer for which you would like us to search. You have declined our invitation.

Finally, we turn to your voluminous new discovery demands, which demand, among other materials (i) materials covered by Rule 16; (ii) *Brady* and *Giglio* materials; (ii) 3500 material for trial witnesses; (iii) trial exhibits; (iv) expert discovery; (v) 404(b) materials; (vi) Government work product and internal communications; (vii) various other materials outside the bounds of even Rule 16; and (viii) in effect, a bill of particulars.

First, the Government is aware of its constitutional and statutory disclosure obligations. To date, the Government has complied with these obligations. The Government recognizes that its obligation to comply with such disclosure requirements is an ongoing one, *see, e.g.*, Fed. R. Crim. P. 16(c).

Second, the Government is aware of its obligations under Fed. R. Evid. 404(b), Fed. R. Evid. 807(b), and Fed. R. Crim. P 16(a)(1)(G),  and to the extent it intends to rely at trial on any

evidence covered by those provisions, will provide the requisite notice sufficiently in advance of trial.

Third, the Government is mindful of the need for both the Government and the Defense to disclose exhibits, witness lists, §3500/Rule 26.2 materials, and the like, sufficiently in advance of trial to permit appropriate preparations.  In that vein, we have scheduled a telephone call with all defense counsel for tomorrow.  We are not prepared, however, to produce, for example, 3500 material for Government witnesses at this early date and nearly four months in advance of trial.  We look forward to a productive conversation concerning the timing of pretrial disclosures tomorrow.

Finally, the Government does not believe that a bill of particulars is required in this case.  As you are aware, the legal principles surrounding bills of particulars are well-established.  In light of these principles, the approximately 45-page complaint, the Indictment and superseding Indictment, and the discovery provided in this matter adequately advise your client as to the nature of the charges with which he is accused.   Given that adequacy, a bill of particulars is not required in this matter.

Very truly yours,

JOON H. KIM
Acting United States Attorney


by: _____/s/ Rebecca Mermelstein_____
Rebecca Mermelstein/Brendan Quigley/
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2190/2482