# EXHIBIT 31

| | |
|---|---|
| **From:** | Mermelstein, Rebecca (USANYS) |
| **To:** | Matthew L. Schwartz; Blais, Brian (USANYS) |
| **Cc:** | Hector, Aimee (USANYS) |
| **Subject:** | RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production |
| **Date:** | Friday, October 14, 2016 4:52:21 PM |

We have not identified any recordings with Mr. Archer. If you would like to provide us with any telephone numbers used by Mr. Archer during the time frame of the recordings we are happy to run those numbers to confirm that fact.

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Friday, October 14, 2016 4:37 PM
**To:** Mermelstein, Rebecca (USANYS) <RMermelstein@usa.doj.gov>; Blais, Brian (USANYS) <BBlais@usa.doj.gov>
**Cc:** Hector, Aimee (USANYS) <AHector@usa.doj.gov>
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Thank you for your response. In stating your view that the recordings are not discoverable, are you representing that Mr. Archer is not captured on any recording?

Matthew L. Schwartz
BOIES, SCHILLER & FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Mermelstein, Rebecca (USANYS) [mailto:Rebecca.Mermelstein@usdoj.gov]
**Sent:** Friday, October 14, 2016 4:33 PM
**To:** Matthew L. Schwartz; Blais, Brian (USANYS)
**Cc:** Hector, Aimee (USANYS)
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Matt,

We are aware of our discovery obligations and will continue to comply with them. We do not believe, however, that (i) Jason Galanis's "history of fraudulent activity;" nor (ii) evidence obtained through the consensual monitoring of Jason Galanis's phone, falls within the purview of Rule 16 or of Brady. Accordingly, we do not intend to produce such materials.

Best,

Rebecca

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]

**Sent:** Friday, October 14, 2016 11:44 AM
**To:** Blais, Brian (USANYS) <BBlais@usa.doj.gov>; Mermelstein, Rebecca (USANYS) <RMermelstein@usa.doj.gov>
**Cc:** Hector, Aimee (USANYS) <AHector@usa.doj.gov>; Sheinwald, Ellie (USANYS) [Contractor] <ESheinwald@usa.doj.gov>
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Brian, Rebecca, Aimee –

Following up on the below now that your trial has concluded and you've had some breathing room.

Also, we intend to make another travel request on Mr. Archer's behalf.  Shall I continue to report that the government objects?  Please let me know, and have a great weekend.

-mls

**From:** Matthew L. Schwartz
**Sent:** Tuesday, September 13, 2016 12:16 PM
**To:** Blais, Brian (USANYS); Mermelstein, Rebecca (USANYS)
**Cc:** Hector, Aimee (USANYS); Sheinwald, Ellie (USANYS) [Contractor]
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Brian –

As you know, one of the defense theories that we are exploring is that Jason Galanis deceived and/or used Mr. Archer.  His history – now admitted – of fraudulent activity is certainly relevant to that theory, and constitutes Brady material and material subject to disclosure under Rule 16(a)(1)(E).

In addition, I note that some of the correspondence in connection with the start of the Gerova trial references the fact that Jason Galanis's phone was monitored and recorded by the government for over a year.  Please produce all such recordings, text messages, or communications of any sort.  Any recording (written or oral) of Mr. Archer is of course discoverable under Rule 16(a)(1)(B); any recordings that the government contends are co-conspirator statements are discoverable under Rule 16(a)(1)(E); and the full set of recordings is discoverable under that same rule and pursuant to the Brady doctrine.

We are actively reviewing the discovery you have provided so far, and we will certainly have additional requests, but there is no reason for the government to withhold the information described above, which is readily producible and plainly discoverable.

Matthew L. Schwartz
BOIES, SCHILLER & FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Blais, Brian (USANYS) [mailto:Brian.Blais@usdoj.gov]
**Sent:** Tuesday, August 23, 2016 1:19 PM
**To:** Matthew L. Schwartz; Mermelstein, Rebecca (USANYS)
**Cc:** Hector, Aimee (USANYS); Sheinwald, Ellie (USANYS) [Contractor]
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Matt, we are aware of the existence of your request for the Gerova discovery. What we haven't heard is a theory for why that material is discoverable in the Wakpamni matter. We will of course produce any part of that discovery that we intend to use at the Wakpamni trial or that otherwise fits within Rule 16, that is Brady or Giglio material, or that is a prior statement of a witness we intend to call at the Wakpamni trial. But that universe falls far short of encompassing the entirety of the Gerova discovery.

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Tuesday, August 23, 2016 11:52 AM
**To:** Mermelstein, Rebecca (USANYS)
**Cc:** Blais, Brian (USANYS); Hector, Aimee (USANYS); Sheinwald, Ellie (USANYS) [Contractor]
**Subject:** RE: US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Thank you. You should still have a 4 TB drive, which we sent down in the space when you asked for another big drive (8/10) and when you clarified that everything would fit on the existing 2 TB drive (8/11). Assuming you aren't expecting any more massive productions, could you please send the 4 TB drive back to us, as those things aren't cheap.

Alternatively, our request for the discovery in the case before Judge Castel remains outstanding, and you can load that on the drive and send it back. I think you had mentioned that you didn't see that request. It came in the same letter in which we sent you the 1 TB drive back in mid-June, which you obviously received since you've sent the drive back to us. Anyway, I am attaching it again for your convenience. Thanks.

-mls

**From:** Mermelstein, Rebecca (USANYS) [mailto:Rebecca.Mermelstein@usdoj.gov]
**Sent:** Monday, August 22, 2016 6:29 PM
**To:** Matthew L. Schwartz
**Cc:** Blais, Brian (USANYS); Hector, Aimee (USANYS); Sheinwald, Ellie (USANYS) [Contractor]
**Subject:** US v. Devon Archer 16 Cr. 371 (RA): Discovery Production

Matt,

Attached please find a cover letter for a discovery production that was mailed to you today.

Best,

Rebecca

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]