COURT EXHIBIT

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JOHN GALANIS, a/k/a "Yanni," DEVON ARCHER, and BEVAN COONEY,<br><br>Defendants. | No. 16-CR-371 (RA) |

**JURY CHARGE**

# TABLE OF CONTENTS

I.     GENERAL INSTRUCTIONS...............................................................................4
    A.     Introductory Remarks ............................................................. 4
    B.     Role of the Court .................................................................... 4
    C.     Role of the Jury ...................................................................... 5
    D.     Role of Counsel ...................................................................... 6
    E.     Presumption of Innocence and Burden of Proof ................... 6
    F.     Sympathy or Bias ................................................................... 8
    G.     All Persons Equal Before the Law ........................................ 9
    H.     What Is and Is Not Evidence................................................. 10
    I.     Direct and Circumstantial Evidence...................................... 11
    J.     Witness Credibility................................................................ 12
    K.     Interest in Outcome ............................................................... 13
    L.     Law Enforcement and Government Employee Witnesses..................... 14
    M.     Cooperating Witness Testimony ............................................ 14
    N.     Immunity of Government Witnesses....................................... 16
    O.     Impeachment by Prior Inconsistent Statement...................... 16
    P.     Expert Witnesses .................................................................. 17
    Q.     Character Testimony ............................................................. 18
    R.     Preparation of Witnesses ...................................................... 18
    S.     Uncalled Witnesses – Equally Available ............................. 19
    T.     Persons Not On Trial............................................................. 19
    U.     Specific Investigative Techniques Not Required ................... 20
    V.     Charts and Summaries – Not Admitted As Evidence ........... 20
    W.     Charts and Summaries – Admitted As Evidence ................... 21
    X.     Stipulations ............................................................................ 21
    Y.     Redactions .............................................................................. 21
    Z.     Defendants' Testimony .......................................................... 21

II.    SUBSTANTIVE INSTRUCTIONS ............................................................... 22
    A.     The Indictment ....................................................................... 22
    B.     Summary of the Indictment.................................................... 23
    C.     Purpose of the Statutes .......................................................... 24
    D.     Consider Each Defendant and Count Separately ................... 24
    E.     Count Two: Securities Fraud.................................................. 24
        1.     First Element – Fraudulent Act ........................................ 27
        2.     Second Element – Knowledge, Intent and Willfulness ................... 30
        3.     Third Element – Instrumentality of Interstate Commerce................. 32

2

|   |   |   |   |
|---|---|---|---|
| | 4. | Aiding and Abetting ................................................................ | 34 |
| | F. | Count One: Conspiracy to Commit Securities Fraud ......................................... | 37 |
| | 1. | First Element – The Existence of a Conspiracy ............................................ | 39 |
| | 2. | Second Element – Defendant's Knowing Participation in the Conspiracy ..... | 42 |
| | 3. | Third Element – Overt Act ......................................................................... | 45 |
| | 4. | Liability for Acts and Declarations of Co-Conspirators ................................. | 47 |
| | G. | Conscious Avoidance ...................................................................................... | 48 |
| | H. | Similar Act Evidence ...................................................................................... | 50 |
| | I. | Dates in the Indictment .................................................................................. | 51 |
| | J. | Venue .............................................................................................................. | 51 |

**III.**   **DELIBERATIONS OF THE JURY** ......................................................................... **52**

|   |   |   |   |
|---|---|---|---|
| | A. | Right to See Evidence and Communication with the Court................................ | 52 |
| | B. | Notes............................................................................................................... | 53 |
| | C. | Duty Not to Research or Discuss the Case....................................................... | 53 |
| | D. | Duty to Deliberate and Unanimous Verdict...................................................... | 53 |
| | E. | Duties of Foreperson ...................................................................................... | 55 |
| | F. | Return of Verdict ............................................................................................ | 55 |
| | G. | Alternate Jurors .............................................................................................. | 55 |
| | H. | Conclusion...................................................................................................... | 56 |

# I.    GENERAL INSTRUCTIONS

## A.    <u>Introductory Remarks</u>

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict.

Now it is time for me to instruct you as to the law that governs this case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

## B.    <u>Role of the Court</u>

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

But nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern. Also, do not draw any inference from any of my rulings. The rulings I made during trial are no indication of any view on my part. You should not seek to find from my rulings any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

At times I may have directed a witness to be responsive to questions, to pause when an objection had been made by counsel, or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I might have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

## C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

This is your sworn duty as you have taken the oath as jurors to determine the facts.  As I mentioned, any opinion I might have regarding the facts is of absolutely no consequence.

**D.  Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference or conclusion from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter your deliberations at all.

The personalities and the conduct of counsel in the courtroom are also not in any way at issue.

**E.  Presumption of Innocence and Burden of Proof**

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case.  The defendants have pleaded not guilty.  By doing so, each defendant denies all of the charges in the Indictment.  Thus, the government has the burden of proving the charges against each of them individually beyond a reasonable doubt.  A defendant does not have to prove his innocence.  On the contrary, each defendant is presumed innocent of all the charges contained in the Indictment.  This presumption of innocence was in the defendants' favor at the start of the

trial; it continued in their favor throughout the entire trial; it is in their favor even as I instruct you now; and it continues in their favor during the course of your deliberations in the jury room.

The presumption of innocence is removed if and only if you, as members of the jury, are unanimously satisfied that the government has sustained its burden of proving the guilt of a particular defendant as to a particular count of the Indictment beyond a reasonable doubt.

The question that naturally comes up is, what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense.

If, after a fair and impartial consideration of all the evidence, you do not have an abiding conviction of a specific defendant's guilt with respect to a particular count of the Indictment—in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and, in that circumstance, it is your duty to acquit that defendant of that count.

On the other hand, if after a fair and impartial consideration of all the evidence, you do have an abiding belief of a defendant's guilt as to a specific count of the Indictment, such a belief as you would be willing to act upon without hesitation in important matters in the personal affairs of your own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict that defendant of that count.

One final word on this subject. Reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed

fact which by its nature is not susceptible to mathematical certainty. It follows that the law in a criminal case is that it is sufficient if the guilt of a defendant is established beyond a reasonable doubt, not beyond all possible doubt. For those of you who have served as jurors in civil cases, it is not a mere preponderance of the evidence standard. The government's burden is heavier than that.

The government is not required to prove the essential elements of the offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what he or she has told you.

## F.   <u>Sympathy or Bias</u>

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of any of the defendants as to any of the counts beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that a defendant is guilty solely on the basis of the evidence or lack of evidence and subject to the law as I explain it to you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you must not hesitate for any reason to find a verdict of acquittal for that defendant. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt,

you should not hesitate because of sympathy or any other reason to render a verdict of guilty for that defendant.

The question of possible punishment of the defendants is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not any of the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, to enter into your deliberations.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence presented in this courtroom.

### G.    All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give the government no less deference. It would also be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence and the government has the same

burden of proof with respect to all persons.  Your verdict must be based solely on the evidence or the lack of evidence.

## H.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.

Testimony that I have stricken or excluded, however, is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instruction I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are demonstrative aids or materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

Finally, as I have mentioned, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## I.    **Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his own senses—something he or she has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you arrived at the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person entered with a wet raincoat. Now, because you cannot see outside of the courtroom, you cannot tell whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would not be unreasonable for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably

11

draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence or lack of evidence in the case, circumstantial or direct.

There are times when different inferences may be drawn from the evidence. The government asks you to draw one set of inferences; the defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

**J.     Witness Credibility**

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to

12

be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness was, or was not, truthful.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.  If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

## K.    **Interest in Outcome**

In evaluating the credibility of witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you

13

are considering may have an interest in the outcome of the trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**L.    Law Enforcement and Government Employee Witnesses**

You have heard testimony from a law enforcement official and employees of the government. The fact that a witness may be employed by the federal government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel may attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

**M.    Cooperating Witness Testimony**

You have also heard from a witness who testified that he was involved in criminal conduct, and who subsequently pled guilty to his criminal conduct pursuant to what is called a "cooperation agreement" with the government. This witness has agreed to testify and to cooperate with the government in hope of receiving a reduced sentence. You are instructed that you must not draw

14

any conclusions or inferences of any kind, favorable or unfavorable, about a defendant's guilt from the fact that a prosecution witness pled guilty to similar charges. The decision of the witness to plead guilty was a personal decision about his own guilt.

Experience will tell you that the government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers. For these very reasons, the law allows the use of cooperating witness testimony.

Because of the possible interest a cooperating witness may have the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony. Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was

the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

## N.    **Immunity of Government Witnesses**

You have heard the testimony of witnesses who have testified under a grant of immunity from the Court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of the Court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of the Court. The testimony of a witness who has been granted immunity should be examined closely to determine whether or not it is colored in such a way as to further the witness' own interests. If you believe the witness' testimony to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

## O.    **Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness may have made a statement on an earlier occasion

16

which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who allegedly contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether there is a motive to fabricate; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

P.    **Expert Witnesses**

You have heard testimony from what we call expert witnesses.  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for such opinions.  Expert testimony is presented to

17

you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that an opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert was questionable for any reason, or if an opinion of an expert was outweighed, in your judgment, by other evidence in the case, then you might disregard that opinion of that expert entirely or in part.

On the other hand, if you find that the expert opinion was based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony

## Q.    **Character Testimony**

Although a defendant is under no obligation to present any testimony, you have heard testimony that Devon Archer has a reputation for honesty and trustworthiness.

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for honesty and trustworthiness when you decide whether the government has proven, beyond a reasonable doubt, that that defendant committed the crime.

## R.    **Preparation of Witnesses**

You have heard evidence during the trial that some witnesses have discussed the facts of the case and/or their testimony with lawyers.

18

You may consider that fact when you are evaluating a witness's credibility. But I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his testimony and what inferences you draw from such preparation are matters completely within your discretion.

### S.     Uncalled Witnesses – Equally Available

There are people whose names you heard during the course of this trial, but who did not appear here to testify. I instruct you that all parties have an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### T.     Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the government or any of the defendants, from the fact that any person in addition to the defendants is not on trial here. You also may not speculate in any way as to the reason or reasons why other persons are not on

trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

You have also heard about certain individuals who are not on trial here but who have pled guilty to related offenses.  As I instructed you with respect to the testimony of the cooperating witness in this case, you may not draw any conclusions or inferences of any kind, favorable or unfavorable, about a defendant's guilt from the fact that another person has pled guilty to similar charges.

**U.**      **Specific Investigative Techniques Not Required**

You have heard references to certain investigative techniques that were used or not used by the law enforcement authorities in this case.  You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether any of the defendants are guilty.  There is no legal requirement that the  Government prove its case through any particular means.  While you are to consider carefully the  evidence presented by the Government, you need not speculate as to why certain techniques were used or why others were not used.   Law enforcement techniques are not your concern.

**V.**      **Charts and Summaries – Not Admitted As Evidence**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It

is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

**W.    Charts and Summaries – Admitted As Evidence**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

**X.    Stipulations**

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the weight to be given to any stipulated fact.

**Y.    Redactions**

During the course of the trial, we have seen, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not speculate as to any reason why the other part of it has been deleted.

**Z.    Defendants' Testimony**

Mr. Galanis, Mr. Archer, and Mr. Cooney did not testify in this case. Under our Constitution, a defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the

government at all times, and the defendant is presumed innocent. A defendant is never required to prove that he is innocent. You may not speculate as to why any defendant did not testify, nor attach any significance to the fact that a defendant did not testify. Indeed, you may not draw any inference whatsoever from any defendant's decision not to take the witness stand.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions to you relating to the charges brought against the defendants in this case.

## A.    **The Indictment**

The defendants in this case—John Galanis, Devon Archer, and Bevan Cooney—are formally charged in what is called an Indictment. As I instructed you at the outset of this case, the Indictment is merely a charge or accusation. It is not evidence and it cannot be used by you as proof of anything. As a result, you are to give it no weight in deciding the defendants' guilt or lack of guilt. What matters is the evidence you heard at this trial. Indeed, as I have previously noted, each defendant is presumed innocent, and it is the government's burden to prove each of the defendants' guilt beyond a reasonable doubt.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

To find the defendants guilty, you must find that the government has proven the specific charges in the Indictment—not some other crime—beyond a reasonable doubt. If you do not find the government has established beyond a reasonable doubt the specific allegations set forth in the Indictment, then you must find the defendants not guilty.

**B.**     <u>**Summary of the Indictment**</u>

All three defendants are charged in both counts of the Indictment.

Count One of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, each of the defendants conspired or agreed with others to commit securities fraud.  As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.

Count Two of the Indictment charges that, from at least in or about March 2014 through in or about April 2016, each of the defendants committed the substantive offense of securities fraud. Later on, I will explain to you the differences between a conspiracy count and a substantive count. For now, just keep in mind that a conspiracy count is different from a substantive count.  Count One charges each of the defendants with participating in a conspiracy to commit securities fraud. Count Two charges each of the defendants with substantive securities fraud.

The Indictment alleges that the securities fraud conspiracy charged in Count One and the substantive securities fraud offense charged in Count Two relate to an alleged scheme by each of the defendants to defraud a Native American tribal entity, the Wakpamni Lake Community Corporation, which I will call the WLCC, to issue bonds, which I will call the "Wakpamni Bonds," based on false and misleading representations, and to fraudulently cause clients of Atlantic and Hughes to buy certain of those bonds, thereby defrauding those clients as well.  The Indictment also alleges that the defendants failed to invest the bond proceeds on the WLCC's behalf in the manner agreed upon, and instead misappropriated the bond proceeds for their own use.

The defendants deny all the allegations.

C.    **Purpose of the Statutes**

In your role as jurors, you are not to be concerned with the wisdom or the policy of any laws the defendants are alleged to have broken. Your verdict must be based on the evidence in this case. Your verdict may not be based on your personal approval or disapproval of any particular law.

D.    **Consider Each Defendant and Count Separately**

The Indictment names three defendants who are on trial together. In reaching a verdict, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

As I just indicated, the Indictment contains two counts. Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each defendant on each count. The case on each count stands or falls upon the proof or lack of proof for that count.

I am now going to discuss the counts of the Indictment. Because some of the instructions as to the substance of the charge in Count Two will assist you in assessing the conspiracy charge contained in Count One, I will first instruct you on Count Two.

E.    **Count Two: Securities Fraud**

Count Two of the Indictment charges each of the defendants—John Galanis, Devon Archer, and Bevan Cooney—with committing the substantive crime of securities fraud. Specifically, Count Two alleges as follows:

24

From at least in or about March 2014 through in or about April 2016, in the Southern District of New York and elsewhere, John Galanis, a/k/a "Yanni," Devon Archer, and Bevan Cooney, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and course of business which operated and would operate as a fraud and deceit upon persons, to wit, the defendants engaged in a scheme to misappropriate the proceeds of several bond issuances by the WLCC and also caused investor funds to be used to purchase the bonds, for which there was no secondary market through which such bonds could be redeemed, without disclosure to those investors of material facts, including the existence of multiple conflicts of interest, and which investments, in some cases, were outside the investment parameters of the accounts in which they were placed.

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

The law also defines the term "security," which, as set forth in 15 U.S.C. § 78(c)(a)(10), includes "any . . . bond."

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

25

**Employment of manipulative and deceptive devices.** It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

The 1934 Securities Exchange Act was the second of two laws passed by Congress to protect the investing public in the purchase and sale of securities that are publicly distributed. To establish a violation of Section 10(b) of the 1934 Securities Exchange Act, as charged in Count Two of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of securities, such as bonds, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that the defendant you are considering acted knowingly, willfully, and with the intent to defraud; and

26

Third, that the defendant you are considering knowingly used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct. I will discuss each element in turn.

### 1.   First Element – Fraudulent Act

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, the defendant you are considering did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, the government must prove that at least one of these three types of unlawful conduct was committed by the defendant that you are considering in connection with the purchase or sale of securities, although it does not need to prove all three of them. You must be unanimous as to which type of unlawful conduct, if any, the defendant you are considering committed.

Let me now explain some of these terms.

### "Device, Scheme, or Artifice to Defraud"

A device, scheme or artifice is merely a plan for the accomplishment of an objective. Fraud is a general term that embraces all the various means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate

27

to the investment value of the securities involved in this case. Additionally, it is also not necessary that the defendant you are considering made a profit or that anyone actually suffered a loss for you to find that the government has proven this element beyond a reasonable doubt.

## **False Statements and Omissions**

An affirmative misrepresentation is one type of false statement. It is a statement of a fact which is objectively false. To put it in everyday language, an affirmative misrepresentation is a lie. A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

A statement may also be false if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

## **"In Connection With"**

You cannot find that the government has proven the first element unless you find that the defendant you are considering participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities. I instruct you that the Wakpamni Bonds are a "security" within the meaning of federal law.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with"

28

the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is not necessary for you to find that the defendant you are considering was or would be the actual seller of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities. By the same token, the government need not prove that the defendant you are considering personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.

With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

### "Material Fact"

If you find that the government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

A material fact is one that a reasonable investor would consider important in making his or her investment decision regarding the sale or purchase of securities. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, you must consider whether the government has proven that the statement is material—in other words you must

consider whether the government has proven that the statement or omission was one that would have mattered to a reasonable investor in making such an investment decision. In considering whether a statement or omission was material, I remind you that the standard is what a reasonable investor would have wanted to know in making an investment decision. It does not matter whether the actual investor who purchased or issued the bonds at issue here is sophisticated or inexperienced because the standard is whether an investor who is reasonable would have wanted to know the statement or omission.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant you are considering profited or would have profited as a result of the alleged scheme. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. If, however, you find that the defendant you are considering expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

**2.      Second Element – Knowledge, Intent and Willfulness**

The second element of Count Two that the government must establish is that the defendant you are considering acted knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is often not available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt. The government need only prove that the defendant you are considering acted with an intent to deceive, manipulate or defraud. The government need not show that the defendant acted with an intent to cause harm.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred. On this subject, however, it is important for you to know that you may not infer knowledge or intent based solely on a defendant's relationship or association with certain individuals or his position in a corporate entity.

31

At this point, let me also advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I will define that term, on the part of a defendant is a complete defense to a charge of securities fraud. A person who acts on a belief or opinion honestly held is not punishable under the securities fraud statutes merely because his opinion or belief turns out to be wrong. Therefore, if you find that, at all relevant times, a defendant acted in good faith, it is your duty to acquit him. I want to caution you in this regard that a defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for clients does not necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations or omissions by him.

As a practical matter, then, to prove this charge against a defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

### 3.   Third Element – Instrumentality of Interstate Commerce

The third and final element of Count Two—the substantive securities fraud count—that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

32

Let me first note that it is unnecessary for the government to prove both the mails or an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme. Only one of the above—either the mails or an instrumentality of interstate commerce—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant you are considering was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the mails or an instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant you are considering was still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce were used.

The use of the term "mails" is self-explanatory, and includes the United States Mail and Federal Express and other commercial mail couriers.  The term "instrumentality of interstate commerce" includes any communications network that involves more than one state, such as those used to send emails and make phone calls.  The wire transfer of money is also sufficient.

### 4.    Aiding and Abetting

The substantive securities fraud charge contained in Count Two also charges the defendants with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, each of the defendants is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the government may establish a defendant's guilt on the substantive count charged in the Indictment.  One way is called "aiding and abetting," and the other is called "willfully causing a crime."  Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that a defendant himself committed the crime charged, you may, under certain circumstances, still find that defendant guilty of that crime as an aider or abettor.

34

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant willfully aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding or abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of the crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the

35

success of the criminal venture. In other words, the defendant must willfully facilitate the crime. It is not enough that the defendant's actions may have had the effect of facilitating a crime; there must be proof beyond a reasonable doubt that he specifically intended to facilitate the crime in order for you to find that the government has met this element. Facilitation does not require extensive participation, but the defendant's participation must occur before the completion of the crime.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

First, did he participate in the crime charged as something he wished to bring about?

Second, did he associate himself with the criminal venture knowingly and willfully?

Finally, did he seek by his actions to make the criminal venture succeed?

If the answer to all three of these questions is "yes," then the defendant is an aider and abettor. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor.

The second way in which the government can establish a defendant's guilt under 18 U.S.C. § 2 is by proving beyond a reasonable doubt that the defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean? It means that a defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. It does not mean that the defendant himself need have physically

committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant you are considering take some action without which the crime would not have occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had personally committed it. If the answer to either is no, then the defendant you are considering cannot be found guilty of Count Two under this theory of liability.

**F.**   **Count One: Conspiracy to Commit Securities Fraud**

Now I will instruct you as to Count One of the Indictment, in which each of the defendants—John Galanis, Devon Archer, and Bevan Cooney—is charged with violating Title 18, United States Code, Section 371. That section provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a federal crime].

Each of the defendants is charged in Count One with participating in a conspiracy to violate the federal statutes that make it unlawful to commit securities fraud. Specifically, Count One charges that each of the defendants agreed to commit securities fraud in connection with Wakpamni bonds.

37

The Indictment lists the overt acts that are alleged to have been committed in furtherance of the conspiracy charged in Count One.

As I have said, Count One of the Indictment charges each defendant with participating in a "conspiracy." As I will explain, a conspiracy is a kind of criminal partnership—an agreement of two or more people to join together to accomplish some unlawful purpose. The essence of the crime of conspiracy is an agreement or understanding to violate other law. If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The crime of conspiracy—or agreement—to violate a federal law, as charged in the Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal law, such as that charged in Count Two that I have just described for you, which the law refers to as "substantive crime."

You may find a defendant guilty of the crime of conspiracy—in other words, agreeing to commit securities fraud—even if you find that the substantive crime which was the object of the conspiracy—securities fraud—was never actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no substantive crime is actually committed.

However, you must find the defendant you are considering not guilty of conspiracy unless the government proves all of the elements of a conspiracy beyond a reasonable doubt and you may consider whether the substantive crime that is the object of the charged conspiracy was actually committed in determining whether the government has met its burden.

To prove a defendant guilty of the conspiracy charged in Count One, the government must prove beyond a reasonable doubt each of the following three elements:

First, the government must prove the existence of the conspiracy charged in Count One of the Indictment; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is securities fraud. The first element then is: Did the conspiracy alleged in the Indictment exist? Was there such a conspiracy?; and

Second, the government must prove that the defendant you are considering willfully and knowingly became a member of the conspiracy, with intent to further its illegal purposes—that is, with the intent to commit the object of the charged conspiracy; and

Third, the government must prove that any one of the conspirators—not necessarily a defendant, but any one of the parties involved in the conspiracy—knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy, in the Southern District of New York.

Now let us separately consider each of these elements.

## 1.    First Element – The Existence of a Conspiracy

The first element that the prosecution must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.

The essence of the crime of conspiracy is an unlawful agreement between two or more people to violate the law. The first element of the crime of conspiracy thus has two parts: (i) an agreement and (ii) an illegal object of the conspiracy. I am now going to describe both parts of this element to you.

39

### (a)    The Agreement

To meet its burden of proof on this element, the government must prove that there was an agreement between two or more people.  The government is not required to show, however, that two or more people sat down at a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project was to be carried out, or the part that each of the persons who is a party to the conspiracy was going to play.  Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing.  They do not typically broadcast their plans publicly.  By its very nature, a conspiracy is almost always secret in its origin and execution.  It is enough if two or more people, in some way or manner, impliedly or tacitly come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to form the conspiracy.  You need only find that two or more people entered into the unlawful agreement alleged in the Indictment in order to find that a conspiracy existed.  It is not enough, however, that the alleged conspirators simply met, discussed matters of common interest, acted in similar ways or perhaps helped one another.

In determining whether there has been an unlawful agreement as alleged in Count One, you may judge the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," is applicable here.  Disconnected acts, when taken together in connection with one another, can show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

40

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may take into account any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements may not have been made in the presence of the defendant or may have been made without his knowledge.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed. In deciding whether the conspiracy charged in Count One existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the object or objective of the conspiracy charged in Count One.

### (b)      The Object of the Conspiracy

The second part of the first element relates to the object of the conspiracy. The object of a conspiracy is the illegal goal the co-conspirators agree upon or hope to achieve. As I have mentioned, the object of the conspiracy charged in Count One of the Indictment is securities fraud. In order to prove that a defendant is guilty of the conspiracy offense charged in Count One, the government must establish beyond a reasonable doubt that that defendant agreed with others to commit securities fraud.

41

As I noted, the substantive offense alleged in Count Two of the Indictment is charged as the object of the conspiracy. This is permissible. A crime may be punished for its own sake, and it may also be an object of a conspiracy. However, you must consider them separately. A defendant may be guilty of one and not the other, and you may consider whether the defendant committed the substantive count when determining whether the defendant committed the conspiracy. I ask that you apply the instructions I have already given regarding Count Two in assessing whether the government has proven the object of the conspiracy charged as Count One of the Indictment.

### 2.    Second Element – Defendant's Knowing Participation in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, and that the conspiracy had securities fraud as its object, then you must next determine the second question: whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In order to satisfy the second element of Count One, the government must prove beyond a reasonable doubt that a defendant knowingly and willfully entered into the conspiracy with the intention of aiding the accomplishment of its unlawful ends.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely; that is, a defendant's acts must have been the product of that defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

To satisfy its burden of proof that a defendant knowingly and willfully became a member of a conspiracy to accomplish an unlawful purpose, the government must prove beyond a

42

reasonable doubt that the defendant knew that he was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge and intent on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of all the conspiracy's participants. Similarly, it is not necessary for a defendant to have known every other member of the conspiracy. In fact, a defendant may know and have conspired with only one other member of the conspiracy and may still be considered a co-conspirator. Nor is it necessary for a defendant to have received any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome of the alleged joint venture. It is enough if a defendant participated in the conspiracy unlawfully, knowingly, and willingly, as I have defined those terms.

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined the conspiracy at any time in its progress, and a defendant will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators may play major roles, while others may play minor roles in a scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements and the reasonable inferences that may be drawn from them. I want to caution you, however, that a person's mere association with or relationship to a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. The mere fact that a defendant may have met with or knows others who engaged in criminal conduct does not prove that defendant's participation in a conspiracy. Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. In the context of this case, as I instructed you concerning knowledge and intent with respect to the substantive securities fraud count, it is important to remind you that that you cannot infer guilt based solely on a defendant's position in a corporate entity.

Similarly, the fact that a person, without knowledge that a crime is being committed, merely happens to act in a way that furthers either of the alleged purposes or objectives of the conspiracy, does not make that person a conspirator. What is necessary is that the defendant joined in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of one or both of its unlawful objectives.

In sum, the government must prove beyond a reasonable doubt that the defendant you are considering, with an understanding of the essential unlawful character of the conspiracy, that is, to commit securities fraud, intentionally engaged, advised or assisted in it for the purposes of furthering that illegal undertaking.

44

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until a conspiracy is terminated or achieves its objective, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

### 3.    Third Element – Overt Act

The third and final element of the conspiracy to commit securities fraud charged in Count One of the Indictment is the requirement of an overt act. To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily a defendant—in the Southern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.

The overt acts are set forth in the Indictment. The Indictment alleges the following overt acts:

(1)    In approximately March 2014, John Galanis, a/k/a "Yanni," the defendant, met with employees of and advisers to the WLCC at a Native American economic development conference in Las Vegas, Nevada.

(2)    On or about July 21, 2014, Michelle Morton sent a text message to Jason Galanis stating, "Should know how$ [sic] we can proceed with bonds soon getting information. Jason Galanis responded, "i'm confident you will figure it out."

45

(3)   On or about August 8, 2014, Hugh Dunkerley signed an agreement pursuant to which he bound the broker-dealer at which he was employed to serve as the placement agent for an issuance of bonds by the WLCC.

(4)   On or about August 22, 2014, Gary Hirst sent an email containing trade tickets signed by him authorizing the purchase of certain bonds issued by the WLCC on behalf of certain clients of Hughes.

(5)   On or about October 1, 2014, Devon Archer, the defendant, caused the transfer of $15,000,000 from a brokerage account located in New York, New York for the purchase of $15,000,000 of bonds issued by the WLCC, which bonds were also held, for a period of time, in the brokerage account located in New York, New York.

(6)   On or about October 9, 2014, Bevan Cooney, the defendant, caused the transfer of $5,000,000 from an account in his name for the purchase of $5,000,000 bonds issued by the WLCC.

For the government to satisfy the overt act requirement, it is not necessary for the government to prove all of the overt acts alleged in the Indictment. And you may find that overt acts were committed which were not alleged in the Indictment. The only requirement is that one of the members of the conspiracy—not necessarily a defendant in this case—has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

Let me put it colloquially. The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further that conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. But an apparently innocent act may shed its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an object of the conspiracy.

Finally, you must find that an overt act was committed in the Southern District of New York. The Southern District of New York encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of those places occurs in the Southern District of New York.

### 4.    Liability for Acts and Declarations of Co-Conspirators

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed or made by persons who, the government charges, were also co-conspirators of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

47

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, only reasonably foreseeable acts done, or statements made, in furtherance of the conspiracy by a person found by you to have been a member of the same conspiracy may be considered against that defendant. This is so even if such acts were committed or such statements were made in that defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of a defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether a defendant is guilty or not guilty.

**G.    Conscious Avoidance**

I have instructed you that the defendants, in various respects, must have acted knowingly in order to be convicted. This is true with respect to the objects of the conspiracy charged in Count One, as well as the substantive crime charged in Count Two. In determining whether a defendant acted knowingly with respect to the objectives of the conspiracy or the substantive crime, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious to him.

That is what the phrase "conscious avoidance" refers to. As I told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of criminal

48

law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance. An argument by the government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what a defendant knew.

Therefore, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that a material fact was so, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken. Moreover, if you find that the defendant actually believed that the material fact was true, he may not be convicted. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

With respect to the conspiracy charged in Count One, you must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific object or objects of the conspiracy, on the other. You may consider conscious avoidance in deciding whether a defendant knew the objective or objectives of a conspiracy; that is, whether a defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crimes charged as objects of that conspiracy and deliberately avoided confirming that fact but participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding that the defendant intentionally joined the conspiracy in the first place. It is logically impossible for a person to intend and agree to join a

49

conspiracy if he does not actually know it exists, and that is the distinction I am drawing. Similarly, with respect to the substantive securities fraud charged in Count Two, conscious avoidance can only go to knowledge and cannot be used as a substitute for finding that the defendant you are considering acted willfully or with an intent to defraud.

In sum, if you find that the defendant you are considering believed there was a high probability that a material fact was so and that the defendant deliberately and consciously avoided learning the truth of that material fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact. You must judge from all the circumstances and all the proof whether the government did or did not satisfy its burden of proof beyond a reasonable doubt.

## H.  <u>Similar Act Evidence</u>

The government has offered evidence tending to show that on another occasion, John Galanis engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that John Galanis is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that John Galanis committed the crimes charged. Nor may you consider this evidence as proof that John Galanis has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that John Galanis committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw, an inference that in doing the acts

50

charged in the Indictment, John Galanis acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because John Galanis committed the other act or acts he or she must also have committed the acts charged in the Indictment. Nor may you consider this evidence in any way against either Mr. Archer or Mr. Cooney.

**I.    Dates in the Indictment**

As we have proceeded through the Indictment, you have noticed that it refers to a range of dates. I instruct you that it does not matter if a specific event alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

**J.    Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. As I previously instructed you, the Southern District of New York encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of those places occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York. To satisfy this venue requirement only, the government need not meet the burden of proof beyond a reasonable doubt.

51

It need not meet that standard on the venue requirement and the venue requirement only. The government meets its burden of proof if it establishes by a preponderance of the evidence— simply tips the scale in its favor—that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

### III.    DELIBERATIONS OF THE JURY

#### A.    Right to See Evidence and Communication with the Court

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will send back all of the exhibits to the jury room, but feel free to ask for any items as well, including any exhibits you may have trouble locating and those that are not in hard copy, such as audio or video recordings, which we can replay for you in the courtroom. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony—in fact any communications with the Court— should be made to me in writing, signed, dated, and timed by a foreperson you will choose, and given to one of the court security officers. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any communication, please do not tell me or anyone else how the jury

stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

**B.    Notes**

If any of you have taken notes throughout this trial, I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**C.    Duty Not to Research or Discuss the Case**

Although during your deliberations you may discuss the case with your fellow jurors, you must not communicate with or provide any information to anyone else by any means. You may thus not use any electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, Snapchat, YouTube or Twitter, to communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict.

**D.    Duty to Deliberate and Unanimous Verdict**

Momentarily, you will retire to decide the case. Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of each defendant with respect to each count charged in the Indictment. You must base your verdict solely on the evidence or lack of evidence

and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. You are not to discuss the case until all jurors are present. Nine or ten or even eleven jurors together is only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands and, if you have reached a verdict, do not report what it is until you are asked in open court.

54

### E.     Duties of Foreperson

I referred a moment ago to a foreperson.  You should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### F.     Return of Verdict

After you have reached a verdict, you will all fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.  The verdict form lists the questions that you must resolve based on the evidence and the instructions that I have given you.  When the form is complete, it will be marked as a Court Exhibit.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### G.     Alternate Jurors

At this time, the first twelve jurors will begin their deliberations in the case.  The final four—all of whom are alternates—won't deliberate at this time.  Nevertheless, the alternate jurors are not quite excused.  While the jury conducts its deliberations, you do not have to be in court, but you should give Ms. Cavale phone numbers where you can be reached, because it is possible

55

that one or more of you could be needed to deliberate if a juror is unable to continue. Ms. Cavale will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including your fellow alternate jurors, the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me, through Ms. Cavale, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise; and do not visit any places mentioned during the trial or conduct any kind of investigation of your own, including on social media. The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in this courtroom during the trial.

I'm sorry that you will likely miss the experience of deliberating with the jury but the law provides for a jury of twelve persons in this case. So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start. Without discussing the case, you may also say your goodbyes to your fellow jurors.

## H.  Conclusion

Members of the jury, this concludes my instructions to you. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy. I am sure that if

56

you listen to the views of your fellow jurors and apply your own common sense, you will reach a fair verdict.