

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

August 3, 2018

**BY ELECTRONIC MAIL**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Application granted. Mr. Archer will report daily to his Pretrial Services Officer while he is away. He shall surrender the passports of his wife and children. The attached exhibit shall be filed under seal. SO ORDERED.
>
> Ronnie Abrams, U.S.D.J.
> August 7, 2018

Re: *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer, one of the defendants in the above-referenced case. I write to respectfully request the Court's permission for Mr. Archer to take a business trip to Ukraine. Your Honor has seventeen times previously granted Mr. Archer permission to travel internationally on business, which he has done without incident on each occasion, including to Italy, England, Spain, Latvia, Lithuania, Russia, Kazakhstan, the United Arab Emirates, Vietnam, China, Hong Kong, Malaysia, Singapore, Mexico, and the Philippines. As before, the Court's Pretrial Services Office consents to this request, but the Government objects.

    The proposed trip would be from August 12 to August 21 to Kiev, Ukraine. Mr. Archer's primary responsibility to an energy company he works with is to develop new international markets for business, and the purpose of the trip is to oversee the execution of new multi-party agreements that he has helped negotiate. Over the course of the past two years, Mr. Archer has been central to the company's development and licensing process in Southeast Asia, Eurasia, and Western Europe. Mr. Archer has worked remotely over the past six months to secure the company's business in the Ukrainian market. This trip is the culmination of that work, and Mr. Archer's personal appearance is critical to see that the definitive partnership agreements are entered into as planned. Mr. Archer depends on opportunities such as this for his income. While in Ukraine, Mr. Archer will also participate in meetings in connection with a second energy company he works with. These meetings are part of Mr. Archer's efforts to put his affairs in order pending sentencing, after which he may become unavailable and unable to resolve his outstanding obligations to these companies. As usual, Mr. Archer has provided an itinerary to his Pretrial Services Officer, who as noted consents to this request. A copy of Mr. Archer's proposed flight and lodging information is attached as Exhibit A, which we respectfully request to be filed under seal.

    Mr. Archer readily acknowledges that the posture of this motion—following a guilty verdict and pending sentencing—is different from his prior requests and that the burden is on

**BSF**

him to establish that he is not a flight risk. Mr. Archer respectfully submits that he has demonstrated since the pendency of this case that the Court's trust has not been misplaced and that, as he has each time before, Mr. Archer will return without incident. Mr. Archer has demonstrated through his actions that he is not a flight risk. In addition, Mr. Archer has reported to Pretrial Services daily while away, and has executed and provided to the United States Attorney's Office an open-ended waiver of extradition, in the form requested by the Government, which covers not only his business trips but the entire duration of proceedings in this case. Specifically:

- On June 13, 2016, Your Honor permitted Mr. Archer to travel on business to Italy.

- On July 26, 2016, Your Honor permitted Mr. Archer and his wife, Dr. Archer, to travel on business to Latvia.

- On September 9, 2016, Your Honor permitted Mr. Archer to travel on business to China.

- On October 17, 2016, Your Honor permitted Mr. Archer to travel on business to England and Lithuania. On October 21, 2016, Your Honor further granted permission for Mr. Archer to modify his itinerary to include business travel to Russia.

- On November 28, 2016, Your Honor permitted Mr. Archer to travel on business to England and Spain.

- On January 4, 2017, Your Honor permitted Mr. Archer to travel on business to Vietnam and China. On January 17, 2017, Your Honor further granted permission for Mr. Archer to modify his itinerary to include travel to the United Kingdom.

- On February 16, 2017, Your Honor permitted Mr. Archer to travel on business to Singapore, Malaysia, and the Philippines. Although Mr. Archer's wife did not travel with him, she was permitted to retain her passport because she had a separate international trip planned for the same time.

- On March 6, 2017, Your Honor permitted Mr. Archer to travel on business to Russian and London. Mr. Archer's wife and his oldest child were permitted to join him in London for that leg of his trip.

- On March 23, 2017, Your Honor permitted Mr. Archer to travel on business to the Philippines. On that occasion Mr. Archer's family did not surrender their passports because, although they did not travel with him, Mr. Archer's wife and children were out of the country on vacation at the same time.

- On May 9, 2017, Your Honor permitted Mr. Archer to travel on business to London.

- On June 6, 2017, Your Honor permitted Mr. Archer to travel on business to London.

**BSF**

- On June 13, 2017, Your Honor permitted Mr. Archer to travel on business to the Philippines and China.

- On July 26, 2017 Your Honor permitted Mr. Archer to travel on business to Italy, with one of his children.

- On September 20, 2017, Your Honor permitted Mr. Archer to travel on business to China, Vietnam, the Philippines, and Kazakhstan.

- On January 23, 2018, Your Honor permitted Mr. Archer to travel on business to China, Hong Kong, and the United Arab Emirates.

- On February 16, 2018, Your Honor permitted Mr. Archer to travel on business to Mexico.

- On March 28, 2018, Your Honor permitted Mr. Archer to travel on business to China.

*See* ECF Nos. 41, 62, 78, 83, 84, 98, 111, 122, 148, 162, 166, 179, 182, 185, 189, 236, 305, 316, 363.

    In short, Mr. Archer has proven that he is no risk of flight. Mr. Archer has participated directly in his defense at each opportunity, and is equally focused now on the remainder of the process. Though he now faces sentencing, which he is preparing for, Mr. Archer is no less committed to his family and to remaining in the United States. Indeed, the very purpose of the trip is to help ensure that Mr. Archer's affairs are in order prior to sentencing and that his work over the last six months is brought to its successful conclusion.

    As before, if the Court permits him to travel, Mr. Archer will report daily to his Pretrial Services Officer while he is away, and will turn over his wife's and three small children's passports. We respectfully submit that, especially with those measures in place, Mr. Archer has more than met his burden of demonstrating that he is not a flight risk, and that the Court should grant this request. Of course, if the Court believes that any additional measures are necessary in order to ensure Mr. Archer's return, such as more frequent reporting to his Pretrial Services Officer, Mr. Archer would have no objection to satisfying them.

    Thank you for your consideration of this request.

                                                Respectfully,

                                                /s/ Matthew L. Schwartz
                                                Matthew L. Schwartz

cc:    <u>BY ELECTRONIC MAIL</u>

        AUSAs Rebecca Mermelstein, Brendan Quigley, and Negar Tekeei
        U.S. Pretrial Services Officer Andrew R. Kessler-Cleary