

BOIES
SCHILLER
FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

January 6, 2021

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Devon Archer's sentencing is adjourned sine
die. Following issuance of the mandate, the
government shall submit a letter setting
forth the basis for its objection to any
further adjournment of the sentencing.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
January 7, 2021

Re:   *United States v. Galanis*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

I represent Devon Archer. I write to respectfully request that the Court adjourn
Mr. Archer's sentencing, which is currently scheduled for January 28, 2021, pending the ongoing
appellate proceedings, which divest this Court of jurisdiction. The intervening time can be used
productively, however, to update Mr. Archer's PSR should sentencing be necessary in the future.
We have conferred with the government, which generally consents to this request, as described
more completely below.

As the Court is aware, the government appealed this Court's grant of Mr. Archer's Rule
33 motion, and a panel of the Second Circuit reversed. The Second Circuit's opinion articulated
a new standard for Rule 33 motions, but remanded for sentencing without providing this Court
the opportunity to apply the new standard in the first instance. Immediately following the
issuance of the Second Circuit's opinion, this Court set a schedule for sentencing submissions
and a January 28 sentencing date. [ECF No. 932.] The mandate has not yet issued, however.

On November 20, 2020, Mr. Archer moved the Second Circuit for panel rehearing or
rehearing *en banc*. On December 23, 2020, the panel and the active circuit judges, respectively,
denied those motions. Then, before the mandate issued, Mr. Archer filed a motion to stay the
mandate pending the resolution of his anticipated petition for certiorari to the United States
Supreme Court, as is expressly contemplated by Federal Rule of Appellate Procedure 41. The
pendency of that motion automatically stayed the issuance of the mandate. *See* Fed. R. App. P.
41(b). If Mr. Archer's motion is granted, the issuance of the mandate will be stayed until the
Supreme Court acts on his certiorari petition. *See* Fed. R. App. P. 41(d)(2)(B)(ii).

As explained in his motion to stay the mandate, Mr. Archer's certiorari petition will
present a substantial question of law for the Supreme Court based on the circuit split created by
the Second Circuit's decision in this case concerning whether and to what extent trial courts have
discretion to grant a Rule 33 motion based on the weight of the evidence. For the Court's
convenience, a copy of Mr. Archer's motion is enclosed.

Because the Second Circuit's mandate has not issued, jurisdiction has not been returned
to this Court, and therefore sentencing cannot proceed. *See generally United States v. Rodgers*,



101 F.3d 247, 251 (2d Cir. 1996) ("As a general matter, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." (cleaned up)).  And even if this Court had jurisdiction – indeed, even if the Second Circuit were to deny a stay – there would be good cause to adjourn Mr. Archer's sentencing and, conversely, no prejudice to the government from allowing the appeal of this Court's Rule 33 decision to play out.

That said, the intervening time can be used productively because Mr. Archer's PSR must be updated in the event that sentencing ultimately becomes necessary.  The current PSR [ECF No. 633] is over two years old and does not account for intervening events in this case such as the sentencings of Mr. Archer's co-defendants.  Nor does the current PSR account for the way that Mr. Archer has spent the years since the jury's verdict was rendered, which is relevant to sentencing under the section 3553(a) factors.  *See generally Pepper v. United States*, 562 U.S. 476 (2011).  Although sentencing may not proceed until, at a minimum, the mandate issues from the Second Circuit, we are not aware of any such limitation on the Court ordering an updated PSR to be prepared.

Accordingly, Mr. Archer respectfully requests that the Court adjourn his sentencing *sine die* pending the resolution of the appeal of the Court's Rule 33 decision and, in the meanwhile, issue an order directing Pretrial Services to prepare an updated PSR.  The government agrees that the Court should order a new PSR and consents to an adjournment of sentencing pending a decision on Mr. Archer's motion to stay the mandate.  The government, however, believes that sentencing should go forward at such time as the mandate may issue, regardless of whether appellate proceedings remain ongoing.

Thank you for your consideration of this request.

Respectfully,

 /s/ Matthew L. Schwartz
Matthew L. Schwartz

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 18-3727 _____   _____ Caption [use short title] _____

Motion for: Stay of the Mandate

_____

_____

Set forth below precise, complete statement of relief sought:

Pursuant to FRAP 41, a stay of the mandate pending the filing

and disposition of a petition for a writ of certiorari to the Supreme Court.

United States of America v. Galanis (Archer)

MOVING PARTY: Devon Archer                OPPOSING PARTY: United States of America

☐ Plaintiff          ☑ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

MOVING ATTORNEY: Matthew L. Schwartz       OPPOSING ATTORNEY: Rebecca Mermelstein / Negar Tekeei / Won Shin

[name of attorney, with firm, address, phone number and e-mail]

Boies Schiller Flexner LLP, 55 Hudson Yards, New York, NY 10001 | United States Attorney's Office, S.D.N.Y., One St. Andrew's Plaza, New York, NY 10007

Tel.: (212) 446-2300                       Tel.: (212) 637-2521

E-mail: mlschwartz@bsfllp.com              E-mail: rebecca.mermelstein@usdoj.gov; negar.tekeei@usdoj.gov; won.shin@usdoj.gov

Court- Judge/ Agency appealed from: S.D.N.Y. - Hon. Ronnie Abrams

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?           ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency:    _____

_____

_____

_____

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☑ Yes ☐ No If yes, enter date: Argument held on November 18, 2019

**Signature of Moving Attorney:**

/s/ Matthew L. Schwartz ___ Date: December 30, 2020  Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

_____

Form T-1080 (rev.12-13)

# No. 18-3727-cr

## United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

– v. –

DEVON ARCHER,

*Defendant-Appellee,*

and

JASON GALANIS, GARY HIRST, JOHN GALANIS, AKA YANNI, HUGH
DUNKERLEY, MICHELLE MORTON, and BEVAN COONEY,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (ABRAMS, *J.*)

## MOTION OF DEFENDANT-APPELLEE
## TO STAY THE MANDATE

MATTHEW L. SCHWARTZ
CRAIG WENNER
BOIES SCHILLER FLEXNER LLP
*Attorneys for Defendant-Appellee*
55 Hudson Yards, 20th Floor
New York, New York 10001
(212) 446-2300

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... ii

PRELIMINARY STATEMENT .............................................................1

BACKGROUND .....................................................................................2

REASONS FOR GRANTING THE STAY ............................................4

    I.      THIS COURT'S DECISION RAISES SUBSTANTIAL
             QUESTIONS ABOUT THE ROLE OF THE DISTRICT COURT IN
             WEIGHING THE EVIDENCE ON A RULE 33 MOTION FOR A
             NEW TRIAL. ................................................................................5

          A.    *Archer* Conflicts with Holdings of the United States Courts of
               Appeals for the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth,
               Tenth, Eleventh, and D.C. Circuits on an Important Issue of Law.......6

          B.    There is a Fair Prospect that the Supreme Court Will Reverse this
               Court's Decision.................................................................................13

    II.     GOOD CAUSE EXISTS TO STAY THE MANDATE. .........................14

CONCLUSION ......................................................................................18

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Aetna Cas. & Sur. Co. v. Yeatts*,
   122 F. 2d 350 (4th Cir. 1941) ..............................................................................13

*Basank v. Decker*,
   2020 WL 1953847 (S.D.N.Y. Apr. 23, 2020) ....................................................16

*Brodie v. United States*,
   295 F.2d 157 (D.C. Cir. 1961) ...............................................................................8

*Butcher v. United States*,
   368 F.3d 1290 (11th Cir. 2004) .................................................................... 10, 11

*Gasperini v. Ctr. for Humanities, Inc.*,
   518 U.S. 415 (1996) ..............................................................................................12

*Maryland v. King*,
   133 S. Ct. 1 (2012) ....................................................................... passim

*McDonnell v. United States*,
   576 U.S. 1091 (2015) ............................................................................................15

*Tibbs v. Florida*,
   457 U.S. 31 (1982) .................................................................................................9

*United States v. Alston*,
   974 F.2d 1206 (9th Cir. 1992) ..............................................................................10

*United States v. Archer*,
   977 F.3d 181 (2d Cir. 2020) ....................................................... passim

*United States v. Bays*,
   995 F.2d 233, 1993 WL 190854 (June 3, 9th Cir. 1993) ....................................11

*United States v. Blaszczak*,
   Nos. 18-2811(L), 18-2825(Con), 18-2867(Con), 18-2878(Con) (2d Cir. July 14,
   2020) .....................................................................................................................15

*United States v. Cox*,
995 F.2d 1041 (11th Cir. 1993)................................................................ 10, 11

*United States v. Devries*,
630 F.3d 1130 (8th Cir. 2011)........................................................................11

*United States v. Dodd*,
391 F.3d 930 (8th Cir. 2004)..........................................................................10

*United States v. Ferguson*,
246 F.3d 129 (2d Cir. 2001)...........................................................................12

*United States v. Galanis*,
366 F. Supp. 3d 477 (S.D.N.Y. 2018)..............................................................2

*United States v. Galanis*,
No.16-cr-00371-RA (S.D.N.Y. Nov. 18, 2020)..............................................17

*United States v. Green*,
275 F. App'x 898 (11th Cir. 2008)..................................................................11

*United States v. Hunt*,
2020 WL 7631458 (S.D. Miss. Dec. 22, 2020)..............................................16

*United States v. Johnson*,
302 F.3d 139 (3d Cir. 2002)...........................................................................10

*United States v. Lewis*,
660 F. App'x 396 (6th Cir. 2016)....................................................................11

*United States v. Lincoln*,
630 F.2d 1313 (8th Cir. 1980)..........................................................................7

*United States v. Lopez*,
576 F.2d 840 (10th Cir. 1978)..........................................................................8

*United States v. Mallory*,
902 F.3d 584 (6th Cir. 2018)..................................................................... 8, 10

*United States v. Nkanga*,
450 F. Supp. 3d 491 (S.D.N.Y. 2020).............................................................17

*United States v. Paulus*,
894 F.3d 267 (6th Cir. 2018) ...................................................................8

*United States v. Robertson*,
110 F.3d 1113 (5th Cir. 1997) ............................................................ 8, 11

*United States v. Sanchez*, 969 F.2d 1409 (2d Cir. 1992) ................................... 4, 12

*United States v. Silver*,
954 F.3d 455 (2d Cir. 2020) ............................................................... 5, 15

*United States v. Stacks*,
821 F.3d 1038 (8th Cir. 2016) ........................................................ 6, 7, 13

*United States v. Truman*,
688 F.3d 129 (2d Cir. 2012) ...................................................................13

*United States v. Washington*,
184 F.3d 653 (7th Cir. 1999) ......................................................... 7, 10, 13

*United States v. Wild*,
422 F.2d 34 (2d Cir. 1969) ....................................................................15

*United States v. Wolff*,
892 F.2d 75, 1989 WL 152513 (4th Cir. Dec. 12, 1989) ....................................8

## Statutes

28 U.S.C. § 2101 ....................................................................................1, 4

## Rules

Fed. R. App. P. 41 ............................................................................ 1, 5, 18

Fed. R. Crim. P. 29 ............................................................................. passim

Fed. R. Crim. P. 33 ............................................................................. 5, 11

## Other Authorities

Barron & Holtzoff,
Federal Practice & Procedure § 2281 (Rules ed. 1958) .........................................9

David Knibb,
   *Federal Court of Appeals Manual* §34:13 (6th ed. 2013)....................................14

# PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 2101(f) and Federal Rule of Appellate Procedure 41 (d)(1), Defendant-Appellee Devon Archer respectfully requests that the Court stay the issuance of the mandate pending the filing and disposition of a petition for a writ of certiorari.  On October 7, 2020, a panel of this Court reversed the decision of the district court granting Mr. Archer a new trial, reinstated the verdict, and remanded for sentencing.  The Court denied rehearing by the panel or *en banc* on December 23, 2020.  Archer will file a petition for certiorari within the time allowed by the Supreme Court.  But unless stayed, this Court's mandate will issue seven days following the resolution of this motion.  Fed. R. App. P. 41(b).

Archer's certiorari petition presents significant issues for the Supreme Court's review.  This Court's decision held that on a motion for a new trial under Federal Rule of Criminal Procedure 33, a district judge "must defer to the jury's resolution of conflicting evidence" and cannot grant a new trial if the jury "was entitled" to find guilt.  *United States v. Archer*, 977 F.3d 181, 187 n.3, 188 (2d Cir. 2020) (internal quotation marks omitted).  This Court reinforced that narrowing of the district court's discretion by further holding that on an appeal of a grant of a new trial, this Court views the evidence "in the light most favorable to the government." *Id.* at 183 n.1 (internal brackets omitted).  In so holding, this Court created a split with at least ten other circuits, which hold that a district court has discretion to reweigh the

evidence on a Rule 33 motion, and need not view the evidence in the light most favorable to the government or the verdict. This Court's decision also effectively renders Rule 33 useless in weight-of-the-evidence cases, because there is *literally* no case in which a district court could grant a new trial (absent evidentiary or instructional error) under Rule 33, where it could not also enter a judgment of acquittal under Rule 29. Yet the very purpose of Rule 33 is to permit a district judge, with her intimate knowledge of the trial record, to order a new trial "in the interests of justice," even if the verdict might technically be supportable by the evidence.

There is also good cause to issue a stay. Absent a stay, Archer faces the prospect of serving a substantial portion of any term of incarceration despite the likelihood that the Supreme Court will vacate his conviction. The ongoing COVID-19 pandemic exacerbates that harm even further.

The Court should stay the mandate pending the filing and disposition of a petition for a writ of certiorari.

## **BACKGROUND**

Following a six-week trial in an "indisputably complex case," Archer was convicted of securities fraud and conspiracy. *United States v. Galanis*, 366 F. Supp. 3d 477, 492 (S.D.N.Y. 2018). After evaluating the entire record and applying what all parties agreed were the correct standards, the district court (Abrams, *J.*) granted Archer's Rule 33 motion for a new trial, notwithstanding the deference she

recognized was owed to the verdict, because Archer "lacked the requisite intent and is thus innocent of the crimes charged." *Id.* at 481.

There was no testimony or document that provided direct evidence of Archer's guilt. Judge Abrams did not assess witness credibility because no witness implicated him. And as Judge Abrams concluded, the government's purely circumstantial case "los[t] much of its force" "when each piece of evidence in this indisputably complex case is examined with scrutiny and in the context of all the facts presented," *id.* at 492 – as she was uniquely positioned to do. Instead, Judge Abrams recognized that the inferences urged by the government were often speculative or circular, whereas exculpatory inferences were consistent with the record. *E.g.*, *id.* at 501 ("[T]he first inference, however, hinges on the assumption of the very fact for which it is offered."). Judge Abrams therefore granted Archer's motion because, "when viewing the entire body of evidence . . . the Court harbor[ed] a real concern that Archer is innocent . . . ." *Id.* at 508.

The government appealed, and this Court reversed. Explaining that it was "clarify[ing]" this Circuit's existing case law, the Court held that "a district court may not grant a Rule 33 motion based on the weight of the evidence alone unless the evidence preponderates heavily against the verdict to such an extent that it would be manifest injustice to let the verdict stand." *United States v. Archer*, 977 F.3d 181,

187-88 (2d Cir. 2020) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). The Court continued:

> We stress that, under this standard, a district court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. To the contrary, absent a situation in which the evidence was patently incredible or defied physical realities, or where an evidentiary or instructional error compromised the reliability of the verdict, a district court *must* defer to the jury's resolution of conflicting evidence.

*Id.* at 188 (emphasis added) (internal quotations marks, brackets, and citations omitted).

The Court concluded that Judge Abrams – despite faithfully applying this Court's prior case law – "applied the incorrect standard," and that in its opinion, "the jury was entitled to conclude that Archer knowingly participated in the scheme." *Id.* at n.3. On that basis, the Court reinstated Archer's conviction and remanded for sentencing.

Archer moved for panel rehearing or, alternatively, rehearing *en banc*. On December 23, 2020, the panel denied Archer's motion for panel rehearing, and the active members of this Court denied *en banc* review.

## REASONS FOR GRANTING THE STAY

This Court may stay the issuance of its mandate "for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court." 28 U.S.C. § 2101(f). Such a stay should issue upon a showing that "the petition

4

would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1).  Archer satisfies both elements here.

## I.  THIS COURT'S DECISION RAISES SUBSTANTIAL QUESTIONS ABOUT THE ROLE OF THE DISTRICT COURT IN WEIGHING THE EVIDENCE ON A RULE 33 MOTION FOR A NEW TRIAL.

A question is substantial within the meaning of Rule 41 if there is "a 'reasonable probability' that four justices will vote to grant certiorari" and "a 'fair prospect' that five justices will vote to reverse the Panel's judgment." *United States v. Silver*, 954 F.3d 455, 458 (2d Cir. 2020) (quoting *Maryland v. King*, 133 S. Ct. 1, 2 (2012) ).  Archer's petition will present at least the following question, which meets that standard: whether, as ten other circuits have held and the Supreme Court has indicated, district courts have discretion to reweigh the evidence when evaluating a new trial motion under Federal Rule of Criminal Procedure 33(a); or whether, as this Court held, absent evidentiary or instructional error a district court (1) "*must* defer to the jury's resolution of conflicting evidence" unless "the evidence was patently incredible or defied physical realities" and (2) cannot grant a new trial if the "jury was entitled to conclude" that the defendant is guilty.  *Archer*, 977 F.3d at 187 n.3, 188 (emphasis added) (internal quotation marks and brackets omitted).

A. *Archer* Conflicts with Holdings of the United States Courts of Appeals for the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits on an Important Issue of Law.

A movant can establish "reasonable probability" that the Supreme Court "will grant certiorari" by showing that the decision to be appealed from "conflicts with decisions of the U.S. Courts of Appeals" on an "important feature" of the law. *King*, 133 S. Ct. at 2 (Roberts, *C.J.*, in chambers). This Court's decision created such a conflict by holding that on a Rule 33 motion, a district court "must defer to the jury's resolution of conflicting evidence" unless "*the evidence was patently incredible or defied physical realities*" and must adhere to the jury's verdict if the jury was "entitled" to find guilt. *Archer*, 977 F.3d at 187 n.3, 188 (emphasis added) (internal quotation marks and brackets omitted).[1]

The United States Courts of Appeals for the Seventh Circuit and Eighth Circuit expressly rejected *Archer's* restrictions on reweighing the evidence. In *United States v. Stacks*, the Eighth Circuit considered and rejected the government argument that evidence must be "physically impossible" before a district court can reweigh it. 821 F.3d 1038, 1046 (8th Cir. 2016). Contrary to this Court's holding in *Archer*, the Eighth Circuit held that such a heightened burden for reweighing evidence applied *only* on a "Rule 29 motion for judgment of acquittal." *Id.* On a

---

[1]    This Court's decision did not disturb the rule that a new trial may be granted in appropriate cases "where an evidentiary or instructional error compromised the reliability of the verdict." *Id.* at 188.

6

Rule 33 motion, the Eighth Circuit explained, a district court "may weigh the evidence" in its discretion. *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The district court in *Stacks* "did not abuse its considerable discretion" when it "acknowledged the evidence supporting the verdicts" and then "weighed it against the exculpatory evidence before concluding in a thorough, reasoned manner that a miscarriage of justice may occur if the verdicts were allowed to stand," just as Judge Abrams did here. *Id.*

In *United States v. Washington*, the Seventh Circuit similarly confirmed that a district court may reweigh evidence on a Rule 33 motion even when the evidence is not "so incredible that it should have been excluded." 184 F.3d 653, 657 (7th Cir. 1999). Contrary to this Court's holding in *Archer*, the Seventh Circuit explained that even where evidence is "not inconsistent with physical reality or otherwise incredible," the district court may still reweigh the testimonial and physical evidence to determine whether the record "leaves a strong doubt as to defendant's guilt" and grant a new trial. *Id.* (internal quotation marks omitted).

The holding of *Archer* cannot be reconciled with these decisions of the Seventh and Eighth Circuits, which permit a court to reweigh the evidence at its discretion on a Rule 33 motion regardless of whether the evidence "was patently incredible or defied physical realities." *Archer*, 977 F.3d at 188 (internal brackets omitted).

More fundamentally, *Archer* is inconsistent with the majority of circuits that do not hold that district courts "must defer to the jury's resolution of conflicting evidence" on a Rule 33 motion. *Id.* (internal quotation marks omitted). In the Sixth Circuit, for example, "if the district court simply disagreed with the jury's resolution of conflicting evidence, [the circuit] might not find an abuse of discretion." *United States v. Paulus*, 894 F.3d 267, 279 (6th Cir. 2018) (citation and quotations omitted).

The D.C. Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, and Tenth Circuit explain that "on such a motion for new trial the court sits as a thirteenth juror." *United States v. Robertson*, 110 F.3d 1113, 1120 n.11 (5th Cir. 1997) (internal brackets omitted); *accord United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018) ("Such a motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice."); *United States v. Lopez*, 576 F.2d 840, 845 n.1 (10th Cir. 1978) ("When considering a motion for a new trial under Federal Rule of Criminal Procedure 33 a trial judge considers the credibility of witnesses and weighs the evidence as a thirteenth juror."); *United States v. Wolff*, 892 F.2d 75, 1989 WL 152513, at *9 (4th Cir. Dec. 12, 1989) ("[W]e owe the great deference commanded by the traditional power of trial judges sitting as 'thirteenth jurors,' to avoid possible miscarriages of justice by ordering new trials in criminal cases."); *Brodie v. United States*, 295 F.2d 157, 160 (D.C. Cir. 1961) ("[O]n a motion for a new trial made . . .

8

'the court sits as a thirteenth juror,' and the trial court has broader powers." (quoting Barron & Holtzoff, Federal Practice & Procedure § 2281 (Rules ed. 1958))).

With *Archer*, this Court split from these decisions as well as from the Supreme Court's observation in *Tibbs v. Florida* that in ordering a new trial, the court "sits as a 'thirteenth juror.'"  457 U.S. 31, 42 (1982).  As the Court in *Tibbs* explained: "When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence . . . [t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses."  *Id.* at 38 n.11.

*Archer* thus splits from the numerous circuits holding that on a Rule 33 motion, the district court should not view the evidence in the light most favorable to the government.  *Archer* held to the contrary: that in reviewing a grant of a new trial, the court of appeals *must* view the "facts . . . in the light most favorable to the government."  *Archer*, 977 F.3d at 187 n.1 (internal brackets omitted).  This Court's decision therefore collapses the "fundamental distinction" that "[a] plethora of courts have recognized" between Rule 29 and Rule 33 motions:

> In considering a motion for judgment of acquittal [under Rule 29] a court must view all evidence in the light most favorable to the prosecution. *That is not so in weighing a motion for a new trial* [under Rule 33]. In such a motion, a court may properly consider the credibility of the witnesses, and may grant a new trial if the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice.

*Washington*, 184 F.3d at 657 (emphasis added).  The Sixth Circuit has likewise explained:

> Rule 29 asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt – not whether the trial judge himself believes the manifest weight of the evidence supports the verdict.  So while Rule 29 requires the court to view the evidence in a light most favorable to the prosecution, Rule 33 does not.

*Mallory*, 902 F.3d at 596 (citation omitted); *see United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) ("[W]hen a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government"); *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (same); *see also United States v. Dodd*, 391 F.3d 930, 934-35 (8th Cir. 2004) (noting that district court "may weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict").[2]

Even the Eleventh Circuit – which, unlike many other courts of appeals, reviews grants of new trials based on weight of the evidence with "less deference" than abuse of discretion, *see Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting *United States v. Cox*, 995 F.2d 1041, 1043 (11th Cir. 1993)) –

---

[2]    The *Archer* decision noted that it was "in accord with the standard used by several of our sister circuits" insofar as it adopted a "preponderates heavily" test. *Archer*, 977 F.3d at 188.  This motion is not based on the "preponderates heavily" language but rather the ways in which this Court split from its sister circuits.

holds that "the evidence is not viewed in the light most favorable to the verdict," but may be examined afresh by the district court, *United States v. Green*, 275 F. App'x 898, 899-900 (11th Cir. 2008).[3]

At base, this Court's holding – that a district court "must defer to the jury's resolution of conflicting evidence" and must accept the jury's conclusions if "the jury was entitled to conclude" guilt, *Archer*, 977 F.3d at 187 n.3, 188 (internal quotation marks omitted) – is at odds not only with several other circuits, but also with the Federal Rules of Criminal Procedure themselves because it collapses Rules 29 (sufficiency of the evidence) and 33 (weight of the evidence).

By eliminating a district court's discretion to reweigh the evidence and, requiring a district court to accept the jury's view of the record unless the evidence

---

[3]     Aside from not viewing the evidence in the light most favorable to the verdict, the Eleventh Circuit's less-deferential standard mirrors the approach taken in *Archer*.  The Eleventh Circuit explained that it performs its own "review of the record" to determine whether the evidence weighed against the verdict, noting, "To be honest about it, at least insofar as weight of the evidence is concerned: the label 'abuse of discretion' belies the standard of review that we actually apply to grants of motions for a new trial." *Butcher*, 368 F.3d at 1297 (quoting *Cox*, 995 F.2d at 1044).  Likewise here, this Court reviewed the record to see whether, in its view, the jury's determinations were "reasonable" instead of whether the district court had committed clear error.  *Archer*, 977 F.3d at 197.  This Court thus aligned itself with the Eleventh Circuit while splitting from the circuits that review grants of a new trial "not merely for abuse of discretion, but for a clear and manifest abuse of discretion." *United States v. Bays*, 995 F.2d 233, 1993 WL 190854, at *1 (9th Cir. June 3, 1993); *accord United States v. Lewis*, 660 F. App'x 396, 399 (6th Cir. 2016) (stating that it would not "second-guess the district court"); *see Robertson*, 110 F.3d at 1118 (reviewing for "clear abuse of discretion"); *United States v. Devries*, 630 F.3d 1130, 1132 (8th Cir. 2011) (reviewing for "strong showing of abuse").

was "patently incredible or defied physical realities," this Court effectively stripped the district court of its ability under Rule 33 to grant a new trial based on the weight of the evidence to avoid a miscarriage of justice. *Archer*, 977 F.3d at 188 (internal brackets omitted). Under *Archer*, if the evidence viewed in the light most favorable to the government was sufficient to convict – that is to say, if the conviction would stand under Rule 29 – then the district court is compelled also to reject a new trial because it "must defer" to the verdict unless the "jury was [not] entitled" to convict. *Id.* at 187 n.3, 188 (internal quotation marks omitted).

The circuit split created by this Court's decision therefore concerns an "important feature" of the law. *King*, 133 S. Ct. at 2 (Roberts, *C.J.*, in chambers). A legal question is important when it affects a large number of jurisdictions, such as "half the States and the federal government." *Id.* at 3. Here, Rule 33 governs all federal criminal proceedings and is important for that reason alone, as well as for the more fundamental reason that Rule 33 is designed to ensure that a district court may order a new trial notwithstanding a jury's verdict if it harbors "a real concern that an innocent person may have been convicted," even if the evidence is otherwise "[]sufficient." *United States v. Ferguson*, 246 F.3d 129, 134 137 (2d Cir. 2001) (first quoting *Sanchez,* 969 F.2d at 1414); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) ("The exercise of the trial court's power to set aside the jury's verdict and grant a new trial is not in derogation of the right of trial by jury

12

but is one of the historic safeguards of that right." (internal brackets omitted) (quoting with approval *Aetna Cas. & Sur. Co. v. Yeatts*, 122 F. 2d 350, 353 (4th Cir. 1941)).

B.     There is a Fair Prospect that the Supreme Court Will Reverse this Court's Decision.

The second part of the substantial question test – whether there is a "fair prospect that" the Supreme Court "will reverse" – is met when there is "considered analysis" supporting the conflicting decisions of the other circuits.  *King*, 133 S. Ct. at 3 (Roberts, *C.J.*, in chambers).  Here, two other courts of appeals – the Seventh Circuit and Eighth Circuit – have directly considered and rejected the notion that district courts should be limited to reconsidering only evidence that is "physically impossible" or "incredible."  *Stacks*, 821 F.3d at 1046 (first quote); *Washington*, 184 F.3d at 657 (second quote).  As the Seventh Circuit explained in *Washington*, whether evidence is "inconsistent with physical reality or otherwise incredible" goes to admissibility, "[b]ut the question of admissibility must be separated from that of weight."  184 F.3d at 657.  Even under this Court's precedent, evidence that is literally impossible – that is "incredible on its face" or "def[ies] physical realities" – need not be considered on a Rule 29 motion.  *United States v. Truman*, 688 F.3d 129, 139 (2d Cir. 2012) (internal quotation marks omitted).  *Archer*, therefore, leaves no role for Rule 33 in weight-of-the-evidence cases, which is contrary to the text and purpose of the Rule.

Accordingly, there is a "fair prospect" that the Supreme Court will reverse; therefore, both aspects of the substantial question test are met. *King*, 133 S. Ct. at 3 (Roberts, *C.J.*, in chambers).

## II.   GOOD CAUSE EXISTS TO STAY THE MANDATE.

"Good cause" exists for a stay under Rule 41(d) if the equities, on balance, favor preserving the status quo.  David Knibb, *Federal Court of Appeals Manual* §34:13 (6th ed. 2013).  Here, multiple factors underline the need to preserve the status quo and the lack of corresponding harm from delaying the mandate: (a) the potential incarceration Archer faces, balanced against the fact that reversal by the Supreme Court would result in his conviction being vacated; (b) the particular threat of being incarcerated while the COVID-19 pandemic continues to ravage federal prisons; and (c) Archer's compliance with all conditions during his release on bail pending the trial and subsequent appeal.

Archer has not yet been sentenced, and has been released on bail since he was charged four and a half years ago.  If the mandate issues, Archer will be sentenced and potentially incarcerated before his petition for certiorari can be acted upon. Given the sentences imposed on co-defendants and Archer's relative culpability even on the government's view of the evidence, there is a strong possibility that Archer will serve a majority of any term of incarceration before his petition is decided.  In the analogous situation where a defendant's appeal raises a substantial

question and there is a risk that the defendant will serve most or all of a term of imprisonment before the appeal is decided, this Court has granted stays of sentences pending appeal. *See United States v. Blaszczak,* Nos. 18-2811(L), 18-2825(Con), 18-2867(Con), 18-2878(Con), Order, ECF No. 353, slip op. at 1 (2d Cir. July 14, 2020) (granting stay of the mandate); *see also McDonnell v. United States*, 576 U.S. 1091, 1091 (2015) (same); *cf. United States v. Wild*, 422 F.2d 34, 40 (2d Cir. 1969) (same). The same considerations demonstrate good cause for a stay of the mandate here. *Compare United States v. Silver*, 954 F.3d 455, 460 (2d Cir. 2020) (denying motion to stay the mandate pending certiorari because petition would not challenge all counts of conviction, so it was "all but certain that he would serve at least some time in prison" even if "he were to succeed before the Supreme Court on the other counts of conviction").

The potential for irreparable harm to Archer is exacerbated by the ongoing COVID-19 pandemic. Multiple courts, including this Court, have recognized the unique irreparable harm posed by detention during the pandemic. This Court recently granted three separate motions to stay the mandate pending certiorari, each of which claimed good cause based on risk posed by the COVID-19 pandemic. *Blaszczak*, ECF No. 353, slip op. at 1; *see, e.g.*, *Blaszczak*, ECF No. 318, Mot. of Robert Orlan to Stay the Mandate at 21 (2d Cir. Apr. 15, 2020). In April of this year, the Southern District of New York analyzed the "the threat that COVID-19 poses to

individuals held in jails and detention facilities" and concluded that "[t]he risk that Petitioners will face a severe, and quite possibly fatal, infection if they are returned to immigration detention constitutes irreparable harm warranting a preliminary injunction." *Basank v. Decker*, 2020 WL 1953847, at *7 (S.D.N.Y. Apr. 23, 2020).

Since these decisions, and notwithstanding the approval of vaccines, the threat posed by COVID-19 in federal prisons has grown even more severe. As of December 29, 2020, over a quarter of the country's 123,715 federal prisoners either had confirmed test results of, or had previously been infected with, COVID-19. *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Dec. 30, 2020). The infection rates in state and federal prisons are "4.3 times higher than the overall U.S. rate" and the corresponding fatality rate "in prison is 2.1 times that of the general population." *United States v. Hunt*, 2020 WL 7631458, at *1 n.1 (S.D. Miss. Dec. 22, 2020) (quoting Nat'l Comm'n on COVID-19 & Criminal Justice, *Sector-Specific Recommendations: Corrections*, https://counciloncj.foleon.com/covid19/report/corrections/ (Dec. 22, 2020)).

Despite efforts by the Bureau of Prisons and the courts to curb the pandemic, infections have continued to grow. In one week in December 2020, the Bureau of Prisons reported 3,000 new confirmed cases. *A State-by-State Look at Coronavirus in Prisons*, The Marshall Project (last updated Dec. 18, 2020). Between November 28, 2020, and December 29, 2020, the number of current confirmed infections

among federal prisoners grew by over 50%. *Compare* Chuck Goudie et al., *Federal Prisons Plagued by COVID-19 Infections as Plans for Vaccine Distribution Develop*, ABC 7 News (Nov. 28, 2020), https://abc7chicago.com/covid-19-vaccine-federal-prison-staffers-operation-warp-speed-marion/8237179/ (4,179 cases), *with COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Dec. 30, 2020) (7,093 cases).

Absent a stay, Archer risks being placed "in particularly grave danger" of infection, because of a conviction that the Supreme Court may very well determine should have remained vacated by the district court. *United States v. Nkanga*, 450 F. Supp. 3d 491, 492 (S.D.N.Y. 2020), *reconsideration denied*, 452 F. Supp. 3d 91 (S.D.N.Y. 2020).

In contrast to the irreparable harm that Archer faces of potential incarceration and infection, there is no corresponding harm resulting from staying the mandate. Archer has been on release since the case began in 2016, and during that time he has complied with all requisite conditions. In recognition of Archer's compliance, the district court has repeatedly allowed him to travel internationally (including to non-extradition jurisdictions), and Archer has always rewarded that faith in him by returning on time and without incident. *See United States v. Galanis*, No.16-cr-00371-RA, Endorsed Letter, ECF No. 941 (S.D.N.Y. Nov. 18, 2020). There is no

17

conceivable harm to maintaining the status quo pending the Supreme Court's review of his petition.

## **CONCLUSION**

The Court should grant the motion and stay the mandate pending the filing and disposition of a petition for a writ of certiorari in the Supreme Court. Ordinarily, such a stay would be for 90 days, "unless . . . the time for filing the petition has been extended." Fed. R. App. P. 41(d)(2)(B)(i). In light of the COVID-19 pandemic, the Supreme Court has extended the time for filing certiorari petitions in all cases to 150 days. *See* Order at 1 (S. Ct. Mar. 19, 2020), *available at* https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. Archer therefore has until May 24, 2021, to file a petition for a writ of certiorari, and accordingly the Court should stay the issuance of the mandate until at least then.

Dated: December 30, 2020.          Respectfully,

                                       */s/ Matthew L. Schwartz*
                                       MATTHEW L. SCHWARTZ
                                       CRAIG WENNER
                                       BOIES SCHILLER FLEXNER LLP
                                       55 Hudson Yards, 20th Floor
                                       New York, New York 10001
                                       (212) 446-2300

                                       *Attorneys for Defendant-Appellee*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned counsel certifies that this petition complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the petition exempted by Fed. R. App. P. 32(f), this petition contains 4,556 words.

Dated: December 30, 2020.      Respectfully,

/s/ Matthew L. Schwartz
MATTHEW L. SCHWARTZ
CRAIG WENNER
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, New York 10001
(212) 446-2300

*Attorneys for Defendant-Appellee*