UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Judgment Creditor,

v.

DEVON ARCHER,

    Judgment Debtor,

and

MIDLAND TRUST COMPANY, MIDLAND IRA, INC., AND GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

    Garnishees.

16 CR 371-06 (RA)

**FINAL ORDER
OF GARNISHMENT**

---

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3613, and the Federal Debt Collection Procedure Act, 28 U.S.C. § 3205, the United States sought, obtained, and served writs of garnishment on Midland Trust Company, Midland IRA, Inc., and Guardian Life Insurance Company of America for substantial nonexempt property belonging to or due the judgment debtor, Devon Archer (Dkts. 1049-52);

WHEREAS, the garnishee Midland Trust Company answered that it has Archer's SEP Individual Retirement Account ("IRA") number ending in 3457 with an approximate value of $324,081 subject to market fluctuation in its possession, custody, or control (Dkt. 1054);

WHEREAS, the garnishee Guardian Life Insurance Company of America answered that it has Archer's Whole Life Insurance Policy number ending in 7286 with an approximate value of $99,935 subject to market fluctuation in its possession, custody, or control (Dkt. 1055);

WHEREAS, the judgment debtor received notice of each filing in the garnishment process via the Court's Case Management and Electronic Filing System (Dkts. 1049-1055), and counsel for the United States also served the garnishment process on counsel for the judgment debtor (Dkt. 1057);

WHEREAS, the judgment debtor has neither claimed an exemption nor requested a hearing or objected to any garnishee's answer, and the statutory time-period in 28 U.S.C. § 3202(d) and 3205(c)(5) to do so has expired; and

WHEREAS, the judgment debtor owes more than $44 million in restitution to the victims of his crime;

IT IS HEREBY ORDERED that the garnishee, MIDLAND TRUST COMPANY, shall liquidate securities in the IRA number ending in 3457 belonging to DEVON ARCHER as needed to pay the full liquidated value, less any deductions required by law, with no withdrawal penalty, to the Clerk of Court toward the outstanding restitution. *See United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal); and

IT IS FURTHER ORDERED that the garnishee, GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, shall liquidate securities in the Whole Life Insurance Policy number ending in 7286 belonging to DEVON ARCHER as needed to pay the full liquidated value to the Clerk of Court for restitution. *See United States v. Bess*, 357 U.S. 51, 56-57 (1958) (cash surrender value of life insurance policies are insured's property or rights to property to which federal lien attaches); *United States v. Minneman,* 38 F. App'x. 321, 323 (7th Cir. 2002) (cash value and any proceeds from life insurance is not exempt from garnishment for restitution).

Payments should be made to "Clerk of Court" with "No. 16 CR 371-06" written on the face of the payment mailed or delivered to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
June 13, 2023

_____
UNITED STATES DISTRICT JUDGE

Final Order of Garnishment - Page 3