In UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/25/2023

UNITED STATES OF AMERICA,

v.

DEVON ARCHER,

Defendant.

No. 16-cr-371 (6) (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

For the same reasons articulated in the Court's prior order granting Defendant Archer bail pending the resolution of his appeal to the Second Circuit, and in light of the Government's consent, the Court finds that he is entitled to bail until the Supreme Court rules upon his anticipated petition for *certiorari*. *See Morrison v. United States*, 486 U.S. 1306, 1306 (1988) (observing that the "standard for determining whether a convicted defendant is entitled to be released pending a certiorari petition is clearly set out in [Section] 3143(b), and the only real issue [for such an] application is whether the appeal raises a substantial question of law or fact" which, if decided in the defendant's favor, would "result in reversal, or order for a new trial, or a sentence that does not include a term of imprisonment"); Order, Dkt. 55, *United States v. Cohen*, No. 1:98-cr-434 (TPG) (S.D.N.Y. 2000) ("Since the [defendant] has remained on bail for almost a year and a half during the appeal process thus far, and no problems have arisen, there is no good reason for revoking bail prior to the completion of the [Supreme Court appeal] process.").

Separately, as the Court observed in its recent order issued August 7, the parties to this action agree there was a two-point Sentencing Guidelines calculation error which was not identified by either party at sentencing. *See* Gov't Post-Arg. Br., *United States v. Galinis*, No. 22-539 (2d Cir.), Dkt. 70 at 1. Accordingly, the Court sought the parties' views, *see* Dkt. 1077, as to

whether they consent to the Court recharacterizing Archer's recent motion, *see* Dkt. 1076, as a habeas petition brought under 28 U.S.C. § 2255, *et seq*. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (providing that, before district courts "recharacterize a motion purportedly made under some other rule as a motion under § 2255," they should give a defendant the "opportunity to withdraw the motion rather than have it so recharacterized"). Archer has since "agree[d] to have the motion so recharacterized" and immediately proceed to resentencing, and has additionally indicated his willingness to allocute to the Court that he has full "knowledge of the potential adverse consequences of such recharacterization," including any future habeas petitions being deemed successive. *Id*. at 584; *see* Def. Letter, Dkt. 1079.

The Government, however, does not so consent. *See* Gov't Letter, Dkt. 1078. It instead argues that the Guidelines calculation error identified did not constitute a "fundamental defect which inherently result[ed] in a complete miscarriage of justice"—the standard required for such an error to be cognizable under Section 2255. *See* Gov't Letter, Dkt. 1078 at 1 (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Accordingly, absent the Government's consent and given the pendency of Archer's direct appeal, the Court defers consideration of any arguments he may raise for habeas relief until the Supreme Court's resolution of his anticipated petition for *certiorari*. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (observing that district courts typically defer adjudication of a § 2255 motion during the pendency of a direct appeal in the interest of "judicial economy and the concern that the results on direct appeal may make the district court's § 2255 motion a nullity").

SO ORDERED

Dated:   August 25, 2023
         New York, New York

                                                    _____
                                                    Hon. Ronnie Abrams
                                                    United States District Judge

2