

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

February 7, 2024

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Jason Galanis, et al.*, 16 Cr. 371 (RA)

Dear Judge Abrams:

      We represent the defendant Devon Archer and write in response to the Court's order requiring Mr. Archer to propose a date for his voluntary surrender to the Bureau of Prisons [ECF No. 1088]. Before setting a report date for Mr. Archer, we respectfully request that the Court instead first take up the undisputed Guidelines calculation error from his sentencing, grant him habeas relief, and proceed to resentencing. Resentencing would also permit the Court to consider Mr. Archer's recent and substantial assistance to multiple different government investigations, continued civic engagement, and other changed personal circumstances that may bear on his sentence. The government opposes this request.

## RELEVANT BACKGROUND

      As the Court will recall, in supplemental briefing before the Second Circuit, the government conceded an unambiguous mathematical error in the calculation of Mr. Archer's Guidelines range. The Guidelines range calculation error went unnoticed by both parties until the undersigned identified and raised the issue with the Government shortly before the May 9, 2023 argument before the Second Circuit on Mr. Archer's appeal. In subsequent briefing at the appeals court's request, the government conceded that the "District Court misstated the Guidelines Range" because the Court did not subtract two levels from Mr. Archer's total offense level after determining that he was entitled to a two-level reduction "based on [his] minor role" in the charged crimes. Post-Argument Letter Brief of the United States, *United States v. Galanis*, No. 22-539 (2d Cir.), ECF No. 70, at 1. "That should have resulted in an offense level of 29 and a Guidelines range of 87 to 108 months' imprisonment. But [the Court] stated that the offense level was 31 and the Guidelines range was 108 to 135 months' imprisonment," and sentenced Mr. Archer by reference to the incorrect, higher Guidelines range. *Id*.

      Despite the government's concession, the Second Circuit held that the sentencing error was forfeited (but not waived) by Mr. Archer because it was not raised until argument. Summary Order, *United States v. Galanis*, No. 22-539, ECF No. 75-1, at 17 n.2.

Meanwhile, in an Order dated August 7, 2023, after Mr. Archer brought the error and concession by the government to the Court's attention [ECF No. 1076], Your Honor asked the government to respond to the question of "whether it would consent to the Court granting habeas relief and immediately proceeding to resentencing given the agreement of the parties that there was a two point Sentencing Guidelines calculation error which was not raised by either party at sentencing." [ECF No. 1077]. The government responded, with minimal elaboration, that it did not consent and that it did not believe that habeas relief was appropriate in these circumstances. [ECF No. 1078]. In an August 25, 2023 Order, this Court explained that "absent the Government's consent and given the pendency of Archer's direct appeal," it would "defer[] consideration of any arguments he may raise for habeas relief until the Supreme Court's resolution of his anticipated petition for *certiorari*." [ECF No. 1080].

The Supreme Court has now resolved that petition, so Mr. Archer's request for habeas relief is ripe for consideration.

## DISCUSSION

Resentencing is appropriate. There is no dispute that Mr. Archer was sentenced by reference to an incorrect, higher Guidelines range. In "'failing to calculate (or improperly calculating) the Guidelines range,'" the Court abused its discretion and "committed 'significant procedural error'" that warrants resentencing. *United States v. Bennett*, 839 F.3d 153, 158-59 (2d Cir. 2016) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). While neither Mr. Archer nor the government objected at the earlier sentencing, the error was plain and affected Mr. Archer's substantial rights because the higher Guidelines range was "the beginning point to explain the decision to deviate from it." *Id.* at 162.

As we previously noted, the prior sentencing involved not just a Guidelines error, but also a deprivation of Mr. Archer's Sixth Amendment rights that entitles him to habeas relief. By failing to notice, and thus failing to object to, an obvious arithmetic error that increased Mr. Archer's Guidelines range, "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984) *see also Massaro v. United States*, 538 U.S. 500, 505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."). As in *Oklu v. United States*, "counsel's 'failure to object to the calculation error was a clear lapse in representation.'" 2016 WL 2731581, at *2 (S.D.N.Y. Apr. 27, 2016) (quoting *Johnson v. United States*, 313 F.3d 815, 818 (2d Cir. 2002)).

Moreover, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. There is no question that had the error been objected to at sentencing, the calculation would have been fixed, which very well may have resulted in a lower sentence. [ECF No. 1076, at 7]; *see Bennett*, 839 F.3d at 162 & n.6 (holding that Guidelines error was prejudicial in circumstances where (1) sentencing court "use[d] the sentencing range as the beginning point to explain the decision to deviate from it" and "anchored" its analysis on the miscalculation by "return[ing] multiple times to the" Guidelines, and (2) defense counsel's failure to object to the error implicated "an ineffective-assistance-of-counsel claim").

The *Strickland* violation here both underscores the impact of the sentencing error on Mr. Archer's substantial rights while *also* providing an independent basis for granting habeas relief. *See Johnson*, 313 F.3d at 818 (*Strickland* standard met when counsel failed to challenging sentencing miscalculation in PSR later adopted by the court and when there was "reasonable probability" of lighter sentence had counsel pointed out the error); *Williams v. United States*, 2015 WL 710222, at *5-6 (S.D.N.Y. Feb. 19, 2015) (applying *Johnson*, 313 F.3d at 818); *Oklu*, 2016 WL 2731581, at *2 (holding that failure to correct Guidelines error was prejudicial); *see also Glover v. United States*, 531 U.S. 198, 203 (2001) (where counsel failed to correct a Guidelines grouping error that would have resulted in a lower guidelines range for his client, since "any [increase in the] amount of actual jail time" due to Sentencing Guideline errors, constitutes prejudice under *Strickland*).

In its brief objection to resentencing, the government relied exclusively on *United States v. Hoskins*, 905 F.3d 97 (2d Cir. 2018), to argue that the guidelines error did not constitute a "fundamental defect which inherently resulted in a complete miscarriage of justice." [ECF No. 1078]. But as we explained [ECF No. 1079 at 2-3], *Hoskins* concerned the imposition of sentence based on a *correct* Guidelines calculation and whether a "later development" manifested a "miscarriage of justice." *Id.* (quoting *Hoskins*, 905 F.3d at 103-05). *Hoskins* is inapplicable here, where there was an admitted error in imposing sentence based on an *incorrect* Guidelines range that affected Mr. Archer's substantial rights. Indeed, there is no serious dispute that the Guidelines error was prejudicial to both Mr. Archer specifically, and to the appearance of justice more generally. Further, the "cost of correcting an unpreserved error" in sentencing is low. *Bennett*, 839 F.3d at 159. In fact, if the Court schedules a prompt resentencing – allowing time for supplemental sentencing submissions, of course – the grant of habeas relief does not even need to delay any potential report date.

## CONCLUSION

For the foregoing reasons, Mr. Archer respectfully requests that the Court grant Mr. Archer habeas relief, vacate his sentence, and proceed to immediate resentencing after giving the parties an opportunity to submit supplemental sentencing memoranda that would permit the Court to take into account Mr. Archer's changed circumstances since Mr. Archer's February 28, 2022 sentencing. This updated submission is necessary to address the substantial civic duties Mr. Archer has undertaken in the two years since the previous sentencing, including Mr. Archer's extensive cooperation with federal investigators, continued fundraising for multiple non-profit organizations, and sustained support for equal opportunity youth sports. Among other things, Mr. Archer met with prosecutors from the District of Delaware and Main Justice and testified before a grand jury there in connection with the investigation of Hunter Biden (and presumably will be called as a witness in the ongoing prosecution of Mr. Biden, should it proceed to trial), and he also voluntarily testified before the House Committee on Oversight and Accountability regarding its investigation into the Biden family's domestic and foreign business dealings. The Court should consider, in any resentencing, Mr. Archer's changed circumstances and continued and good-faith participation with various governmental investigations, as well as his continued commitment to charitable and educational causes, and of course his flawless record on pretrial release over the course of nearly eight years.

Alternatively, if the Court or government believes it appropriate, the Court should order full briefing and evidentiary submissions on Mr. Archer's habeas petition, and hold his report date in abeyance pending a decision on that petition.

Thank you for your consideration.

Respectfully,

*/s/ Matthew L. Schwartz*
Matthew L. Schwartz