

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 15, 2024

By ECF
The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

Re:   *United States v. Devon Archer*, 16 Cr. 371 (RA)

Dear Judge Abrams:

The Government respectfully writes in response to the Court's February 8, 2024 Order (Dkt. 1090) directing the Government to respond to the defense's February 7, 2024 letter (Dkt. 1089), which itself responds to the Court's February 2, 2024 directive that the defense propose a date for the defendant's voluntary surrender (Dkt. 1088), by instead asking the Court to grant the defendant habeas relief, vacate his sentence, permit the parties to submit supplemental sentencing memoranda, and proceed to resentencing. To be clear, while the Government takes no position on the defendant's surrender date, it opposes the defense request for habeas relief.

The defendant is not entitled to habeas relief. As the Government explained in its August 11, 2023 letter (Dkt. 1078), claims based on Guidelines calculation errors are not cognizable under Title 28, United States Code, Section 2255 "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). The defendant has not met that standard here. In fact, here, the case for a complete miscarriage of justice is even weaker than in *Hoskins*, where the Second Circuit concluded that a post-sentencing, defense-friendly change in the Guidelines calculation did not work a complete miscarriage of justice for three reasons.

First, in *Hoskins*, the previously imposed sentence fell "in the middle of the [updated] Guidelines range." *Id.* at 104-05. That reason applies with even greater force here where the previously imposed sentence (a year and a day) falls well *below* the correct Guidelines range (87 to 108 months).

A second reason for the conclusion in *Hoskins* was the fact that the Guidelines are merely "advisory, not mandatory," such that the District Court "could not even presume that a sentence within the applicable Guidelines range was proper" and instead "had to make an individualized assessment of the sentence that best served the purposes identified in 18 U.S.C. § 3553(a), including the obligation to impose sentences sufficient, but not greater than necessary to satisfy its stated sentencing purposes." *Id.* at 104 (citations and internal quotation marks omitted). That reason applies with equal force here where "[t]he record . . . show[s] . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *see also United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009);

*United States v. Johnson*, 681 F. App'x 52, 54 n.1 (2d Cir. 2017).  At sentencing, the Court stated that "the guidelines range [wa]s simply too high" (Dkt. 1005 at 42), and imposed a sentence of one year and one day, less than one-tenth of the middle of the Guidelines range the Court calculated—demonstrating that the Court's sentence was driven by other Section 3553(a) factors.

The third reason that the Circuit gave in *Hoskins* was that the sentence was imposed pursuant to a "Rule 11(c)(1)(C) plea agreement" that "allowed Hoskins to avoid a superseding indictment and enhanced mandatory minimum sentence," meaning that the defendant got "a deal that secured him real benefit, hardly indicating a miscarriage of justice."  905 F.3d at 103-04.  Here, although the defendant's sentence was not imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the Court's sentence did afford him a real benefit:  Given that a sentence of a year and a day is the minimum sentence under which the defendant can earn credit for good conduct, *see* 18 U.S.C. § 3624(b), the Court clearly selected a sentence to impose a minimal term of imprisonment.

The defense argues that *Hoskins* is inapplicable because it dealt with a sentence imposed pursuant to a Guidelines calculation that became incorrect after sentencing, rather than a calculation that was incorrect at the time it was performed.  (Dkt. 1089 at 3).  The reasoning in *Hoskins*, however, applies equally, if not more strongly, here, as explained above.  Notably, the defense does not argue that the "fundamental defect which inherently results in a complete miscarriage of justice" standard does *not* apply, yet the defense also does not argue that they have satisfied that standard.  Instead, quoting and citing *United States v. Bennett*, 839 F.3d 153 (2d Cir. 2016), *as amended* (Oct. 7, 2016), the defense contends that the Court "abused its discretion and committed significant procedural error" (Dkt. 1089 at 2 (internal quotation marks omitted)) that "was prejudicial to both Mr. Archer specifically, and to the appearance of justice more generally" (Dkt. 1089 at 3).  In so contending, the defense essentially makes an argument for plain error on direct review, which was the posture in which the Second Circuit decided *Bennett*.  839 F.3d at 163.  But the standard for a Section 2255 petition requires more of a defendant.  *See, e.g.*, *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255 in this case based on an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.  That test was not met here. For the reasons that follow, petitioners' challenges fail even under the lesser requirements of plain error analysis." (citations and internal quotation marks omitted)).

For similar reasons, the defendant was not denied effective assistance of counsel under the Sixth Amendment.  (*Contra* Dkt. 1089 at 2).  Assuming that counsel's failure to object to the Guidelines miscalculation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the defendant cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  As described above, this Court expressly held that the Guidelines range was "simply too high" (Dkt. 1005 at 42) and imposed a sentence that not only was less than one-tenth of the middle of the Guidelines range the Court calculated, but also was the minimum sentence under which the defendant could earn good-time credit.  There is *not* a reasonable probability that, if the Court had calculated the Guidelines range as 87 to 108 months (rather than as 108 to 135 months), the Court would have sentenced the defendant to something less than a year and a day.  *See, e.g.*, *United States v. Habbas*, 527 F.3d 266, 273-74 (2d Cir. 2008) ("Rahman's claim thus fails under the second part of the *Strickland* test because the district court made it clear that this dispute

about the Sentencing Guidelines was 'academic[]' . . . because the district court reasonably believed that the sentencing range produced by the Guidelines was inadequate for the crime and thus departed upward to a sentence of eight years. It made no difference whether counsel objected to the four-level adjustment.").

The cases cited by the defense underscore the *lack* of *Strickland* prejudice here. (Dkt. 1089 at 3). In *Johnson v. United States*, the Second Circuit determined that the defendant "was prejudiced by his attorney's failure to object to the sentencing calculation error" where the sentencing judge imposed a 151-month sentence, explaining that "he was giving [the defendant] the 'minimum' allowed by the [miscalculated] range," but where 151 months actually "was at the very top of the appropriate lower range (*i.e.*, 121-151 months)." 313 F.3d 815, 818 (2d Cir. 2002). In *Johnson*, in other words, the sentencing judge expressed an intention to situate the defendant's sentence at a particular end of the Guidelines range. Here, by contrast, the Court expressly disavowed the Guidelines as meaningfully anchoring the defendant's sentence. For the same reason, this case is distinguishable from the other two cases cited by the defense that expressly noted their similarity to *Johnson*: *Williams v. United States*, No. 14 Civ. 829 (KMW), 2015 WL 710222, at *6 (S.D.N.Y. Feb. 19, 2015) ("Like *Johnson*, Williams's sentencing guidelines range was higher than it would have been without the error, and that range was relied upon by the sentencing court. Like *Johnson*, Williams was given a sentence on the 'low-end' of the sentencing guidelines range, suggesting that Williams would have received a lower sentence had the PSR properly calculated his base offense level."); *Oklu v. United States*, No. 12 Cr. 177 (WHP), 2016 WL 2731581, at *2 (S.D.N.Y. Apr. 27, 2016) ("Such prejudice becomes particularly acute where, as here, the defendant was given a sentence on the highest or lowest end of the sentencing guidelines range, thereby suggesting that the defendant would have received a lower sentence had the PSR properly calculated his base offense level." (alterations and internal quotation marks omitted) (quoting *Williams*, 2015 WL 710222, at *6, and citing *Johnson*, 313 F.3d at 818)). The final case that the defense cites on the prejudice point, *Glover v. United States*, 531 U.S. 198 (2001), is not instructive here. There, the Court reversed Seventh Circuit precedent under which "an increase of 6 to 21 months in a defendant's sentence was not significant enough to amount to prejudice for purposes of *Strickland*," *id.* at 202, but, in doing so, the Court expressly declined to address the argument that the alleged Guidelines error did not in fact lead to a lengthier term of imprisonment, *id.* at 205.

For the foregoing reasons, the defendant is not entitled to habeas relief.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Negar Tekeei
Samuel P. Rothschild
Assistant United States Attorneys
(212) 637-2482 / -2504

cc:     Matthew L. Schwartz, Esq. (by ECF)