UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEVON ARCHER,<br><br>                              Defendant. | 16-CR-371 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Petitioner Devon Archer seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Archer contends that his counsel provided ineffective assistance in its representation of him at sentencing by failing to object to an erroneous Sentencing Guidelines range. For the following reasons, Archer's petition is granted, and the Court sets this matter for resentencing.

## BACKGROUND

The Court assumes the parties' familiarity with the lengthy history of this matter, and it provides here only a brief overview of the factual and procedural background relevant to the instant petition. Following a six-week jury trial, Archer was convicted of securities fraud and conspiracy to commit securities fraud. On November 15, 2018, the Court granted Archer's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. *See United States v. Galanis*, 366 F. Supp. 3d 477 (S.D.N.Y. 2018), *rev'd and remanded sub nom. United States v. Archer*, 977 F.3d 181 (2d Cir. 2020).[1] On October 7, 2020, the Second Circuit reversed the grant of the Rule 33 motion, reinstated the conviction, and remanded the case for sentencing. *See United States v. Archer*, 977 F.3d 181, 198 (2d Cir. 2020).

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

On February 28, 2022, the Court sentenced Archer to a term of imprisonment of one year and one day on both counts to run concurrently, followed by a one-year term of supervised release. *See* Dkt. 1007. He was also ordered to make restitution. *See id.* Archer appealed his conviction and sentence, and on June 7, 2023, the Second Circuit affirmed. *See United States v. Archer*, No. 22-539, 2023 WL 3860530 (2d Cir. June 7, 2023). At oral argument before the Second Circuit, "counsel for Archer argued for the first time that the district court miscalculated Archer's Sentencing Guidelines range." *Id.* at *6 n.2. Although the Government conceded that there was a two-point calculation error which was not identified by either party at sentencing, *see* Gov't Post-Arg. Br., *United States v. Galanis*, No. 22-539 (2d Cir.), Dkt. 70 at 1, "[b]ecause Archer failed to raise this argument in his opening brief or his reply brief," the Second Circuit held that he had forfeited the argument, *see Archer*, 2023 WL 3860530, at *6 n.2.[2]

On August 2, 2023, Archer requested habeas relief in light of the Sentencing Guidelines calculation error, *see* Dkt. 1076, and on August 14, 2023, Archer agreed to the recharacterization of his motion as a petition for habeas relief under 28 U.S.C. § 2255, *see* Dkt. 1079. On August 25, 2023, the Court deferred consideration of Archer's petition for habeas relief until the Supreme Court resolved his petition for *certiorari*. *See* Dkt. 1080. On January 22, 2024, the Supreme Court denied Archer's petition. *See Archer v. United States*, 144 S. Ct. 694 (2024). The Court now finds it appropriate to consider Archer's petition for habeas relief.

---

[2] At Archer's sentencing, the Government did not object to a two-level minor role reduction, *see* Gov't Sentencing Submission, Dkt. 1003 at 9, and the Court found such a reduction to be warranted, *see* Sentencing Tr., Dkt. 1005 at 26. When calculating Archer's offense level, however, the Court mistakenly did not include the two-level reduction. *See id.* at 27.

**LEGAL STANDARD**

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 "to vacate, set aside or correct [his] sentence" on the grounds that it was "imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include[s] . . . sentencing." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). To establish a claim of ineffective assistance of counsel, a petitioner must show that (i) his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and (ii) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).[3]

With regard to the first prong of the *Strickland* test, a court must apply a "strong presumption" that counsel's representation fell "within the wide range of reasonable professional assistance." *Id.* at 689. In assessing the attorney's performance, a reviewing court must "consider the circumstances counsel faced at the time of the relevant conduct and . . . evaluate the conduct from counsel's point of view." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008).

---

[3] Relying on *United States v. Hoskins*, 905 F.3d 97 (2d Cir. 2018), the Government asserts that Archer must demonstrate a "miscarriage of justice." *Hoskins*, 905 F.3d at 102. *Hoskins* concerned "a sentence imposed pursuant to the district court's adoption of the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement where a judgment on a predicate offense that factored into the Guidelines analysis for [the defendant's] sentencing ha[d] since been vacated." *Id.* at 99. In denying the defendant's § 2255 motion, the Second Circuit held that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 102.

Archer's habeas petition, however, asserts that he received ineffective assistance of counsel, which is "a basis for relief under section 2255" because "the Sixth Amendment provides criminal defendants with the right to effective assistance of counsel." *Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011). To succeed on such a claim, "a petitioner must establish both parts of the familiar *Strickland* test." *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015). *Hoskins* is thus inapposite, in that it did not consider an ineffective assistance of counsel claim, but, rather, whether the vacatur of an earlier conviction rendered the defendant's current sentence a miscarriage of justice. *See Hoskins*, 905 F.3d at 103. Indeed, unlike the circumstances here, "at the time the district court [in *Hoskins*] initially imposed th[e] sentence," the "Guidelines calculation was not error—constitutional, legal, or jurisdictional." *Id.*

Even if a petitioner has established that his counsel's performance was objectively unreasonable, he must still demonstrate that he was prejudiced by his counsel's deficient conduct. To do so, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "With respect to a claim of ineffective assistance in sentencing, the [petitioner] must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez*, 722 F.3d at 130. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## DISCUSSION

Archer argues that his counsel's failure to object to the incorrect Sentencing Guidelines range constituted ineffective assistance of counsel. The Government concedes that there was a calculation error, *see* Gov't Post-Arg. Br., *United States v. Galanis*, No. 22-539 (2d Cir.), Dkt. 70 at 1, but argues that Archer nonetheless obtained effective assistance of counsel, *see* Gov't Opp., Dkt. 1091 at 2–3. The Court agrees with Archer, and thus vacates his sentence pursuant to 28 U.S.C. § 2255.

At Archer's sentencing, the Court found Archer's offense level to be 31, his criminal history category to be I, and his Sentencing Guidelines range to thus be 108 to 135 months' imprisonment. *See* Sentencing Tr. at 27. Although neither party objected at the time, *see id.*, the parties now agree that the Court should have further subtracted two points from Archer's total offense level given his minor role in the offense, which would have resulted in a Guidelines range of 87 to 108 months' imprisonment, *see* Def. Mot., Dkt. 1089 at 1; Gov't Post-Arg. Br., *United States v. Galanis*, No. 22-539 (2d Cir.), Dkt. 70 at 1.

Case 1:16-cr-00371-RA    Document 1095    Filed 05/15/24    Page 5 of 9

With regard to the first *Strickland* prong, by failing to object, counsel's representation fell below an objective standard of reasonableness. In *Johnson v. United States*, the Second Circuit held that "defense counsel's failure to object to a sentencing calculation error that likely resulted in an increase in [the] defendant's period of incarceration constituted ineffective assistance of counsel." 313 F.3d 815, 818–19 (2d Cir. 2002). Here, Archer's counsel failed to object to the calculation error, which was "a clear lapse in representation" that "fell below the range of competence demanded of attorneys." *Id.* at 818; *see also Oklu v. United States*, No. 12-CR-177, 2016 WL 2731581, at *2 (S.D.N.Y. Apr. 27, 2016) (holding that the petitioner satisfied the first prong of *Strickland* where his "counsel stipulated to a guidelines range that the Government now concedes was erroneous"); *Williams v. United States*, No. 14-CV-829, 2015 WL 710222, at *6 (S.D.N.Y. Feb. 19, 2015) (granting § 2255 petition where the petitioner's "counsel failed to challenge an error in the PSR" and his "sentencing guidelines range was higher than it would have been without the error").

The Court also finds that Archer was prejudiced by his counsel's deficient representation. In determining whether a defendant has been prejudiced, the "question is whether, but for the lapse," there is "a reasonable probability the sentence would have been the same." *Johnson*, 313 F.3d at 818. Moreover, "any [increase in the] amount of actual jail time has Sixth Amendment significance." *Glover v. United States*, 531 U.S. 198, 203 (2001). Accordingly, "even relatively short increases in the ultimate sentence received will suffice to show *Strickland* prejudice." *Porter v. United States*, No. CV-09-1146, 2009 WL 2601297, at *5 (E.D.N.Y. Aug. 20, 2009); *Oklu*, 2016 WL 2731581, at *2 ("[I]t is difficult to imagine a circumstance more prejudicial than being in prison for a longer time than the law requires.").

5

Courts routinely find that a defendant has been prejudiced when he is sentenced pursuant to a higher, erroneous Guidelines range. *See, e.g.*, *Johnson*, 313 F.3d at 818; *Oklu*, 2016 WL 2731581, at *2; *Williams*, 2015 WL 710222, at *6; *Cobb v. United States*, No. 4-CR-203, 2019 WL 2607002, at *3 (E.D.N.Y. Jan. 11, 2019). To be sure, in several of the cases upon which Archer relies, the defendant received a sentence on the high- or low-end of the erroneous Guidelines range. *See, e.g.*, *Johnson*, 313 F.3d at 818. In such cases, "prejudice becomes particularly acute," given that a "sentence on the highest or lowest end of the sentencing guidelines range" suggests that "the defendant would have received a lower sentence had" the Guidelines range been properly calculated. *Oklu*, 2016 WL 2731581, at *2. The Government, in turn, argues that because the Court ultimately sentenced Archer to a term below the low-end of the Guidelines range, *see* Sentencing Tr. at 43, there is no reasonable probability that, but for counsel's errors, Archer's sentence would have been different.

The Court disagrees. In a different but related context, the Supreme Court has explained that "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *see also United States v. Wright*, No. 20-4200, 2024 WL 763398, at *1–2 (2d Cir. Feb. 26, 2024) (holding, on plain error review, that the "errors warrant resentencing because a miscalculated Guidelines range may well have anchored the district court's thinking as to what an appropriate sentence would be," notwithstanding the court's application of "a significant downward variance").[4] And where a

---

[4] Although *Molina-Martinez* and *Wright* concerned plain error review, the Court finds such cases to be persuasive here. Indeed, several circuits have applied *Molina-Martinez* in the context of determining *Strickland* prejudice. *See, e.g.*, *United States v. Orange*, 21 F.4th 162, 166 (D.C. Cir. 2021) ("The Supreme Court [in *Molina-Martinez*] has explained that in most cases when a defendant shows that, but for his attorney's deficient performance, the court would have selected a lower Guidelines range, he will have demonstrated the reasonable probability of a different outcome

"sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence." *Molina-Martinez*, 578 U.S. at 199.

Here, the erroneous Guidelines range formed the starting point in Archer's sentencing. *See, e.g.*, Sentencing Tr. at 39. Moreover, to avoid unwarranted sentencing disparities, the Court considered, among other factors, the Guidelines ranges of Archer and his co-defendants in distinguishing them. *See id.* at 41 ("Morton faced a higher guidelines range and did not receive a minor-role reduction."); *see also id.* at 43 ("I'll also note that this [sentence] is consistent with sentences imposed by other judges from this district in financial fraud cases with either similar guidelines range[s], roles, and/or loss amount."). Although the Court found the Guidelines range to be too high, *see id.* at 42, the Guidelines were ultimately "the framework for sentencing" and thus "anchor[ed]" the Court's "discretion." *Molina-Martinez*, 578 U.S. at 198–99.

The Government relies on *United States v. Habbas*, 527 F.3d 266 (2d Cir. 2008) and *United States v. Jass*, 569 F.3d 47 (2d Cir. 2009) to argue that there is no reasonable probability that Archer's sentence would have been different absent counsel's error. Both cases, however, are inapposite. In *Habbas*, the Second Circuit held that the defendant failed to show *Strickland*

---

that *Strickland* requires."); *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023) ("When there is an error regarding the Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."); *Bridges v. United States*, 991 F.3d 793, 808 (7th Cir. 2021). Moreover, to establish either a plain error affecting substantial rights or *Strickland* prejudice, a defendant must show a "reasonable probability" that the outcome of the proceeding would have been different. *See Molina-Martinez*, 578 U.S. at 194 (holding that for a defendant to demonstrate that an error affected his substantial rights, he ordinarily "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different"); *Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see also Bennett v. United States*, 663 F.3d 71, 89 (2d Cir. 2011) (holding that the petitioner failed to establish *Strickland* prejudice on a § 2255 motion where the court had previously found no "plain error affecting substantial rights" and thus saw "no basis . . . for concluding . . . that there is any reasonable probability that, had there been objections, the jury would not have found [the petitioner] guilty"); *cf. United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994) ("[T]he *Strickland* formulation of 'prejudice' comes quite close to what we have required in plain-error cases.").

7

prejudice—even when his "counsel at the time of sentencing did not object to [a] four-level upward adjustment recommended by the PSR"—because the district court had made "clear that this dispute about the Sentencing Guidelines was 'academic.'" *Habbas*, 527 F.3d at 273–74. No such finding was made here. The Government's reliance on *Jass* is similarly misplaced. There, although the district court erred in calculating the defendant's Sentencing Guidelines range, the Second Circuit found the error harmless, given that "the district court unequivocally stated that it would impose the same . . . sentence on" the defendant regardless of how "the issue of the . . . enhancement . . . ultimately work[ed] out on appeal." *Jass*, 569 F.3d at 68. Here, by contrast, the Guidelines range "anchored the . . . Court's thinking as to what an appropriate sentence would be." *See United States v. Bennett*, 839 F.3d 153, 163 (2d Cir. 2016), *as amended* (Oct. 7, 2016) (remanding for resentencing, notwithstanding the district court's assertion that it was "not moved by" the Guidelines, where the court returned to the Guidelines "range in framing its choice of a seven-year below-Guidelines sentence"); *see also United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005) ("[A]n incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference.").

In light of counsel's failure to object to the erroneous Guidelines range on which the Court relied, the *Strickland* test has been met. *See Strickland*, 466 U.S. at 687.

## CONCLUSION

For the foregoing reasons, the Court grants Archer's petition for habeas relief, vacates his sentence, and sets this matter for resentencing. No later than May 22, 2024, the parties shall submit

8

a joint letter to the Court proposing dates for Archer's resentencing and a schedule for any accompanying submissions.

SO ORDERED.

Dated:   May 15, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge

9